■ FRANK A. CHICHERCHIA, Respondent, v ANN M. CLEARY et al., Appellants. [616 NYS2d 647] —In an action to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Rockland County (Bergerman, J.) dated March 1, 1993, which granted the plaintiff's motion to dismiss their counterclaim to recover damages for defamation.

Ordered that the order is affirmed, with costs.

For there to be recovery in libel, it must be established that the defamation was "of and concerning the plaintiff" *(Gross v Cantor,* 270 NY 93, 96; *Bee Publ. v Cheektowaga Times,* 107 AD2d 382; 43A NY Jur 2d, Defamation and Privacy, § 44; Prosser and Keeton, Torts § 111, at 783 [5th ed]). The burden, it has been held, "is not a light one" *(Geisler v Petrocelli,* 616 F2d 636, 639). The party alleging defamation need not be named in the publication but, if, as is the case here, he or she is not, that party must sustain the burden of pleading and proving that the defamatory statement referred to him or her

(Prosser and Keeton, Torts § 111, at 783 [5th ed]). The reference to the party alleging defamation may be indirect and may be shown by extrinsic facts. But where extrinsic facts are relied upon to prove such reference the party alleging defamation must show that it is reasonable to conclude that the publication refers to him or her and the extrinsic facts upon which that conclusion is based were known to those who read or heard the publication *(Geisler v Petrocelli, supra,* at 639; Prosser and Keeton, Torts § 111, at 783 [5th ed]).

The defendants failed to sustain their burden in this case. Sullivan, J. P., Rosenblatt, Altman, Hart and Friedmann, JJ., concur.