■ FERRANDINO & SON, INC., Appellant, v WHEATON BUILD-ERS, INC., LLC, Defendant, and HE2 PROJECT DEVELOPMENT, LLC, Respondent. (And Other Actions.) [920 NYS2d 123]—

In February 2007, the plaintiff and the defendant Wheaton Builders, Inc., LLC (hereinafter Wheaton), entered into a

subcontract pursuant to which the plaintiff agreed to install a concrete superstructure for a condominium complex located in Brooklyn. The defendant HE2 Project Development, LLC (hereinafter HE2), was the project manager for the construction project. On June 25, 2008, Wheaton terminated the subcontract with the plaintiff based upon the plaintiff's alleged poor performance. Shortly thereafter, the plaintiff commenced this action against Wheaton and HE2. The plaintiff alleged, inter alia, that HE2 tortiously induced Wheaton to breach its subcontract with the plaintiff and that Wheaton and HE2 maliciously conspired together to interfere with and terminate the plaintiff's contract rights for their own benefit.

To state a cause of action alleging tortious interference with contract, the plaintiff must allege: the existence of a valid contract between it and a third party, the defendant's knowledge of that contract, the defendant's intentional procurement of the third party's breach of that contract without justification, and damages (see *Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]; *Washington Ave. Assoc. v Euclid Equip.*, 229 AD2d 486, 487 [1996]). The plaintiff must specifically "allege that the contract would not have been breached but for the defendant's conduct" (*Burrowes v Combs*, 25 AD3d 370, 373 [2006] [internal quotation marks omitted]; see *Schuckman Realty v Marine Midland Bank*, 244 AD2d 400, 401 [1997]). "Although on a motion to dismiss the allegations in a complaint should be construed liberally, to avoid dismissal of a tortious interference with contract claim a plaintiff must support his claim with more than mere speculation" (*Burrowes v Combs*, 25 AD3d at 373; see *R.I. Is. House, LLC v North Town Phase II Houses, Inc.*, 51 AD3d 890, 895-896 [2008]; *Black Car & Livery Ins., Inc. v H&W Brokerage, Inc.*, 28 AD3d 595, 595 [2006]). Here, the plaintiff merely asserted, in a conclusory manner and without the support of relevant factual allegations, that HE2's actions caused Wheaton to breach the subcontract. Additionally, the plaintiff failed to allege that, but for HE2's actions, Wheaton would have continued the subcontract. Consequently, the Supreme Court properly granted those branches of HE2's motion pursuant to CPLR 3211 (a) (7) which were to dismiss the cause of action to recover damages for tortious interference with contract insofar as asserted against it for failure to state a cause of action.

New York does not recognize civil conspiracy to commit a tort as an independent cause of action (see *Hebrew Inst. for Deaf & Exceptional Children v Kahana*, 57 AD3d 734, 735 [2008]; *Salvatore v Kumar*, 45 AD3d 560, 563 [2007]). Instead, the claim stands or falls with the underlying tort (see *Salvatore*, 45 AD3d

at 563-564; *Sokol v Addison*, 293 AD2d 600, 601 [2002]). Here, contrary to the plaintiff's contentions, the civil conspiracy claim is clearly derivative of the tort of tortious interference. Since its viability in this case is derivative of the underlying tort of tortious interference, and that claim was properly dismissed, the civil conspiracy cause of action insofar as asserted against HE2 also was properly dismissed.

The Supreme Court also providently exercised its discretion in denying the plaintiff's cross motion for leave to serve a second amended complaint. Although leave to amend should be freely given in the absence of prejudice or surprise to the opposing party (*see* CPLR 3025 [b]), the motion should be denied where the proposed amendment is palpably insufficient or patently devoid of merit (*see Scofield v DeGroodt*, 54 AD3d 1017, 1018 [2008]; *Lucido v Mancuso*, 49 AD3d 220, 227 [2008]). Moreover, "the determination whether to grant such leave is within the discretion of the motion court, and the exercise of that discretion will not be lightly disturbed" (*Zeleznik v MSI Constr., Inc.*, 50 AD3d 1024, 1025 [2008]; *see Pergament v Roach*, 41 AD3d 569, 572 [2007]). Here, the proposed causes of action against HE2 alleging tortious interference with contract and civil conspiracy suffer from the same defects as those alleged in the amended complaint. These proposed causes of action were palpably insufficient and patently devoid of merit.

The plaintiff's remaining contentions concern matter dehors the record (*see Schwarz v Margie*, 62 AD3d 780, 781 [2009]; *Mendoza v Plaza Homes, LLC*, 55 AD3d 692, 693 [2008]). Rivera, J.P., Dickerson, Eng and Lott, JJ., concur.