In an action, inter alia, to recover damages for defamation, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Butler, J.), entered January 20, 2012, as granted the motion of the defendants Ming Hai and Law Office of Ming Hai, EC., to dismiss the complaint pursuant to CFLR 3211 (a) (7) insofar as asserted against them.
Ordered that the order is affirmed insofar as appealed from, with costs.
This appeal arises out of a failed 2005 real estate transaction, wherein the plaintiffs entered into a contract to purchase a hotel from the defendant Li Shen (hereinafter Shen). When the deal failed, Shen retained the defendant Ming Hai and his law firm, the defendant Law Offices of Ming Hai, EC. (hereafter together the Ming Hai defendants) to commence several actions against the plaintiffs alleging, inter alia, breach of contract, fraud, and defamation. In May 2011, the plaintiffs commenced the instant action against Shen and the Ming Hai defendants asserting multiple causes of action sounding in defamation, injurious falsehood, intentional infliction of emotional distress, and invasion of privacy. As reflected in the record, the causes of action stemmed from a posting by Ming Hai on two Internet web logs, or “blogs,” discussing the Ming Hai defendants’ legal representation of an unidentified seller in connection with the purchase and sale of real property, and from a certain statement made by Shen during a press conference which was conducted with Ming Hai for the benefit of three Chinese-language newspapers.
The Ming Hai defendants moved pursuant to CFLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them. The Supreme Court granted the motion.
The Supreme Court properly granted that branch of the motion which was to dismiss the cause of action sounding in defamation insofar as asserted against the Ming Hai defendants. The complaint does not attribute the statement made at the press conference to Ming Hai. With respect to the statement
*600 posted by Ming Hai on the two blogs, the plaintiffs were not named or identified therein. While a plaintiff need not be specifically named in a publication to sustain a cause of action sounding in defamation, a plaintiff who is not specifically identified “must sustain the burden of pleading and proving that the defamatory statement referred to him or her” (Chicherchia v Cleary, 207 AD2d 855, 855 [1994]). “In determining whether a complaint states a cause of action to recover damages for defamation, the dispositive inquiry is whether a reasonable listener or reader could have concluded that the statements were conveying facts about the plaintiff’ (Goldberg v Levine, 97 AD3d 725, 725 [2012]; see Gross v New York Times Co., 82 NY2d 146, 152 [1993]). A court may grant a motion to dismiss a defamation cause of action if the complaint cannot support a finding that the statement refers to the plaintiff (see Chicherchia v Cleary, 207 AD2d 855 [1994]). Indeed, the burden of pleading and proving that statements are “ ‘of and concerning’ ” the plaintiff (Chicherchia v Cleary, 207 AD2d 855, 855 [1994], quoting Gross v Cantor, 270 NY 93, 96 [1936]) is not a “ ‘light one’ ” (Chicherchia v Cleary, 207 AD2d at 855, quoting Geisler v Petrocelli, 616 F2d 636, 639 [2d Cir 1980]). Here, the record reflects that the statements posted on the two blogs not only did not identify the plaintiffs by name, but in fact contained details that were substantially different from the details involved in the transaction between Shen and the plaintiffs. Accordingly, even after giving the plaintiffs the benefit of all favorable inferences, and after liberally construing the allegations in the complaint, we conclude that the plaintiffs did not sufficiently plead that the statements posted by Ming Hai on the two blogs were “of and concerning” them (see Salvatore v Kumar, 45 AD3d 560, 563 [2007] [internal quotation marks omitted]).
Contrary to the plaintiffs’ contention, the Supreme Court properly granted that branch of the motion which was to dismiss the cause of action alleging injurious falsehood, since the complaint failed to allege special damages with sufficient particularity (see Shaw v Club Mgrs. Assn. of Am., Inc., 84 AD3d 928, 929 [2011]; DiSanto v Forsyth, 258 AD2d 497, 498 [1999]; Nyack Hosp. v Empire Blue Cross & Blue Shield, 253 AD2d 743, 744 [1998]).
The plaintiffs’ remaining contentions are without merit. Rivera, J.P., Hall, Cohen and Miller, JJ., concur.