■ MVB Collision, Inc., Doing Business as Mid Island Collision, Appellant-Respondent, v Allstate Insurance Company, Respondent-Appellant. [13 NYS3d 137]—In an action, inter alia, to recover damages for tortious interference with contract, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Parga, J.), dated November 7, 2013, as granted those branches of the defendant's motion which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging negligence and violation of General Business Law § 349, and denied that branch of its cross motion which was pursuant to CPLR 3012 (d) for leave to amend those causes of action to plead additional factual allegations, and the defendant cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging tortious interference with contract.

Ordered that the order is modified, on the law and the facts, (1) by deleting the provision thereof granting that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging violation of General Business Law § 349, and substituting therefor a provision denying that branch of the defendant's motion, and (2) by deleting the provision thereof denying that branch of the plaintiff's cross motion which was for leave to amend the cause of action alleging violation of General Business Law § 349 to plead additional factual allegations, and substituting therefor a provision granting that branch of the plaintiff's cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court should accept the facts alleged in the complaint as true and afford the proponent the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Baron v Galasso*, 83 AD3d 626, 628 [2011]; *Sokol v Leader*, 74 AD3d 1180, 1181 [2010]).

To prevail on a negligence cause of action, a plaintiff must establish the existence of a legal duty, a breach of that duty, proximate causation, and damages. "Absent a duty of care, there is no breach, and without breach there can be no liability" (*Fox v Marshall*, 88 AD3d 131, 135 [2011], citing *Pulka v Edelman*, 40 NY2d 781, 782 [1976]; *see Pasquaretto v Long Is. Univ.*, 106 AD3d 794, 795 [2013]). Here, the plaintiff's allegations failed to sufficiently allege that the defendant owed the plaintiff a duty of care. Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging negligence. Moreover, as the plaintiff's proposed amendment did not seek to add any factual allegation that would support such a claim, that branch of the plaintiff's cross motion which was for leave to amend the cause of action alleging negligence was properly denied (*see* CPLR 3025 [b]; *Ferrandino & Son, Inc. v Wheaton Bldrs., Inc., LLC*, 82 AD3d 1035, 1037 [2011]; *Brooks v Robinson*, 56 AD3d 406, 407 [2008]; *Lucido v Mancuso*, 49 AD3d 220, 227 [2008]).

To state a cause of action under General Business Law § 349, the complaint must allege that " 'a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice' " (*Koch v Acker, Merrall & Condit Co.*, 18 NY3d 940, 941 [2012], quoting *City of New York v Smokes-*

*Spirits.Com, Inc.*, 12 NY3d 616, 621 [2009]; *see Stutman v Chemical Bank*, 95 NY2d 24, 29 [2000]; *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25 [1995]). Contrary to the Supreme Court's determination, the plaintiff has stated a cognizable cause of action alleging violation of General Business Law § 349 (*see North State Autobahn, Inc. v Progressive Ins. Group Co.*, 102 AD3d 5, 11 [2012]; *Ural v Encompass Ins. Co. of Am.*, 97 AD3d 562, 564-565 [2012]; *Wilner v Allstate Ins. Co.*, 71 AD3d 155, 162 [2010]). Moreover, since the plaintiff's proposed amendment to add certain factual allegations to support this cause of action was not palpably insufficient or patently devoid of merit, the Supreme Court should have granted that branch of the plaintiff's cross motion which was for leave to amend the cause of action alleging violation of General Business Law § 349 (*see* CPLR 3025 [b]).

The elements of a cause of action to recover damages for tortious interference with contract are the existence of a valid contract between it and a third party, the defendant's knowledge of that contract, the defendant's intentional procurement of the third party's breach of that contract without justification, and damages (*see White Plains Coat & Apron Co., Inc. v Cintas Corp.*, 8 NY3d 422, 426 [2007]; *Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]; *Crown Assoc., Inc. v Zot, LLC*, 83 AD3d 765, 768 [2011]). Here, the plaintiff sufficiently alleged the elements of tortious interference with contract. Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging tortious interference with contract. Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.