■ PESCE BROTHERS, INC., Doing Business as CAR CRAFT TRUCK WORKS, Respondent, v COVER ME INSURANCE AGENCY OF NJ, INC., et al., Appellants. [43 NYS3d 85]—

In an action, inter alia, to recover damages for fraud, the defendants Cover Me Insurance Agency of NJ, Inc., National Independent Truckers Insurance Company, RRG, and Michael J. Poller appeal from so much of an order of the Supreme Court, Richmond County (Dollard, J.), dated July 14, 2014, as denied those branches of their motion pursuant to CPLR 3211 (a) (1) and (7) which were to dismiss the first through fifth causes of action insofar as asserted against them and pursuant to CPLR 3024 to strike scandalous and prejudicial matter from the

complaint, and the defendant Hills Adjustment Bureau, Inc., separately appeals from so much of the same order as denied those branches of its motion pursuant to CPLR 3211 (a) (7) which were to dismiss the first, second, fourth, and fifth causes of action insofar as asserted against it.

Ordered that the appeal by the defendants Cover Me Insurance Agency of NJ, Inc., National Independent Truckers Insurance Company, RRG, and Michael J. Poller from so much of the order as denied that branch of their motion which was pursuant to CPLR 3024 to strike scandalous and prejudicial matters from the complaint is dismissed, as no appeal lies as of right therefrom (see CPLR 5701 [b] [3]), and leave to appeal has not been granted; and it is further,

Ordered that the order is modified, on the law, by (1) deleting the provisions thereof denying those branches of the motion of the defendant Hills Adjustment Bureau, Inc., pursuant to CPLR 3211 (a) (7) which were to dismiss so much of the first cause of action as alleged violation of General Business Law § 350, and the second, fourth, and fifth causes of action insofar as asserted against it, and substituting therefor a provision granting those branches of the motion, and (2), by deleting the provisions thereof denying those branches of the motion of the defendants Cover Me Insurance Agency of NJ, Inc., National Independent Truckers Insurance Company, RRG, and Michael J. Poller which were pursuant to CPLR 3211 (a) (7) to dismiss so much of the first cause of action as alleged violation of General Business Law § 350, and the second, third, fourth, and fifth causes of action insofar as asserted against them, and substituting therefore provisions granting those branches of the motions; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

The plaintiff commenced this action, inter alia, to recover damages for violations of General Business Law §§ 349 and 350, fraud, negligent misrepresentation, injurious falsehood, and tortious interference with prospective business advantage. The defendant Hills Adjustment Bureau, Inc. (hereinafter Hills), moved pursuant to CPLR 3211 (a) (7) to dismiss the first, second, and fourth through sixth causes of action insofar as asserted against it. The defendants Cover Me Insurance Agency of NJ, Inc., National Independent Truckers Insurance Company, RRG, and Michael J. Poller (hereinafter collectively the Cover Me defendants) separately moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them and pursuant to CPLR 3024 to strike scandalous and prejudicial matter from the complaint.

The Supreme Court, inter alia, denied those branches of Hills's motion which were pursuant to CPLR 3211 (a) (7) to dismiss the first, second, fourth, and fifth causes of action in the complaint insofar as asserted against it and also denied those branches of the motion of the Cover Me defendants which were to dismiss the first through fifth causes of action in the complaint insofar as asserted against them pursuant to CPLR 3211 (a), and pursuant to CPLR 3024 to strike certain scandalous and prejudicial matter from the complaint. Hills and the Cover Me defendants separately appeal. We modify.

The plaintiff failed to allege, in that part of the first cause of action which seeks to recover damages for the defendants' alleged violation of General Business Law § 350, that the defendants engaged in any act of false advertising within the meaning of that statute (*see* General Business Law § 350-a) or, in any event, that the plaintiff relied upon or even knew of any such advertising (*see Klein v Robert's Am. Gourmet Food, Inc.*, 28 AD3d 63, 72 [2006]; *Andre Strishak & Assoc. v Hewlett Packard Co.*, 300 AD2d 608, 610 [2002]; *Gershon v Hertz Corp.*, 215 AD2d 202, 203 [1995]).

With respect to the second cause of action, which was to recover damages for fraud, the plaintiff failed to allege that the defendants made any misrepresentations for the purpose of inducing the plaintiff to rely on them or that the plaintiff so relied on any such misrepresentations (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]; *Daly v Kochanowicz*, 67 AD3d 78, 89 [2009]). Regarding the third cause of action, which was to recover damages for negligent misrepresentation, the plaintiff failed to allege that the Cover Me defendants had a special relationship with the plaintiff imposing a duty on them to impart correct information to the plaintiff, that the Cover Me defendants imparted any information to the plaintiff, or that the plaintiff relied on any such information (*see Simmons v Allstate Indem. Co.*, 112 AD3d 611, 611 [2013]).

With respect to the fourth cause of action, which was to recover damages for injurious falsehood, the plaintiff failed to allege "special damages with sufficient particularity" (*see Shaw v Club Mgrs. Assn. of Am., Inc.*, 84 AD3d 928, 930 [2011]).

The plaintiff failed to allege in the fifth cause of action, which was to recover damages for tortious interference with prospective business advantage, that the defendants acted with the sole purpose of harming the plaintiff or by using unlawful means (*see Carvel Corp. v Noonan*, 3 NY3d 182, 190 [2004]; *MVB Collision, Inc. v Progressive Ins. Co.*, 129 AD3d 1040, 1040 [2015]; *Thome v Alexander & Louisa Calder Found.*, 70

AD3d 88, 108 [2009]; *see generally New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 317-318 [1995]; *Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 614 [1994]).

However, the Supreme Court properly denied those branches of the defendants' respective motions which sought to dismiss so much of the first cause of action as alleged a violation of General Business Law § 349, since the plaintiff sufficiently alleged that the defendants engaged in consumer-oriented conduct that is materially misleading and that it suffered injury as a result of the allegedly deceptive act or practice (*see North State Autobahn, Inc. v Progressive Ins. Group Co.*, 102 AD3d 5, 11-20 [2012]).

As the Supreme Court properly determined, the Cover Me defendants waived their right to move pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against them based upon documentary evidence, because this defense was not raised in their answer and the motion was not made before the answer was due (*see* CPLR 3211 [e]; *Margolin v IM Kapco, Inc.*, 89 AD3d 690, 691 [2011]). Rivera, J.P., Leventhal, Maltese and Barros, JJ., concur.