White Knight of Flatbush, LLC v Deacons of the Dutch Congregation of Flatbush (2018 NY Slip Op 01953)





White Knight of Flatbush, LLC v Deacons of the Dutch Congregation of Flatbush


2018 NY Slip Op 01953


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
BETSY BARROS, JJ.


2015-07856
 (Index No. 508807/14)

[*1]White Knight of Flatbush, LLC, appellant, 
v
Deacons of the Dutch Congregation of Flatbush, also known as the Reformed Protestant Dutch Church of the Town of Flatbush, defendant, Sterling Group Asset Management, LLC, et al., respondents.


Wilk Auslander LLP, New York, NY (Stuart M. Riback, Scott J. Watnik, and Mintz & Gold LLP [Howard Miller and Lisabeth Harrison], of counsel), for appellant.
Meister Seelig & Fein LLP, New York, NY (Adam B. Oppenheim and Jeffrey A. Kimmel of counsel), for respondents.



DECISION & ORDER
Appeal from an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated August 14, 2015. The order, insofar as appealed from, granted the motion of the defendants Sterling Group Asset Management, LLC, Michael Chera, and Angelo Monaco pursuant to CPLR 3211(a)(7) to dismiss the second amended complaint insofar as asserted against them and denied that branch of the plaintiff's cross motion which was for leave to serve a third amended complaint insofar as asserted against those defendants.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the defendants Sterling Group Asset Management, LLC, Michael Chera, and Angelo Monaco, payable by the plaintiff.
On April 4, 2014, the defendant Deacons of the Dutch Congregation of Flatbush, also known as the Reformed Protestant Church of the Town of Flatbush (hereinafter the Church), the owner of certain real property located in Brooklyn, entered into an agreement with the plaintiff to lease the property, which included an option for the plaintiff to purchase the property. On August 14, 2014, the Church entered into a contract to sell the property to the defendant Sterling Group Asset Management, LLC (hereinafter Sterling). Thereafter, the plaintiff commenced this action against the Church, inter alia, for specific performance of the lease, alleging that the Church breached the lease by entering into a contract to sell the property to Sterling. In a second amended complaint, the plaintiff added causes of action against Sterling, Michael Chera, the principal of Sterling, and Angelo Monaco, the signatory for Sterling on the contract of sale (hereinafter collectively the Sterling defendants), to recover damages for tortious interference with contract and injurious falsehood.
The Sterling defendants moved pursuant to CPLR 3211(a)(7) to dismiss the second amended complaint insofar as asserted against them for failure to state a cause of action. The plaintiff cross-moved for leave to serve a third amended complaint. In an order dated August 14, [*2]2015, the Supreme Court, inter alia, granted the Sterling defendants' motion to dismiss the second amended complaint insofar as asserted against them and denied the plaintiff's cross motion for leave to serve a third amended complaint. The plaintiff appeals. During the pendency of the appeal, the plaintiff and the Church entered into a settlement agreement. In a decision and order on application of this Court dated December 28, 2016, the appeal insofar as taken against the Church was deemed withdrawn.
Contrary to the plaintiff's contention, the plaintiff failed to state a cause of action to recover damages for tortious interference with contract against the Sterling defendants. "The elements of a cause of action alleging tortious interference with contract are: (1) the existence of a valid contract between the plaintiff and a third party, (2) the defendant's knowledge of that contract, (3) the defendant's intentional procurement of a third-party's breach of that contract without justification, and (4) damages" (Nagan Constr., Inc. v Monsignor McClancy Mem. High Sch., 117 AD3d 1005, 1006; see Lama Holding Co. v Smith Barney, 88 NY2d 413, 424). Further, the plaintiff "must specifically allege that the contract would not have been breached but for the defendant's conduct'" (Ferrandino & Son, Inc. v Wheaton Bldrs., Inc., LLC, 82 AD3d 1035, 1036, quoting Burrowes v Combs, 25 AD3d 370, 373). Here, even accepting the facts alleged in the second amended complaint as true and according the plaintiff the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88), the plaintiff failed to sufficiently allege that the lease would not have been breached but for the Sterling defendants' conduct (see Nagan Constr., Inc. v Monsignor McClancy Mem. High Sch., 117 AD3d at 1006; Ferrandino & Son, Inc. v Wheaton Bldrs., Inc., LLC, 82 AD3d at 1036). The plaintiff also failed to state a cause of action to recover damages for injurious falsehood against the Sterling defendants, since the plaintiff failed to sufficiently allege that any losses it suffered were causally related to the Sterling defendants' conduct (see Emergency Enclosures, Inc. v National Fire Adj. Co., Inc., 68 AD3d 1658, 1660; Waste Distillation Tech. v Blasland & Bouck Engrs., 136 AD2d 633, 634; L.W.C. Agency v St. Paul Fire & Mar. Ins. Co., 125 AD2d 371, 373), or to allege special damages with the requisite particularity (see Pesce Bros., Inc. v Cover Me Ins. Agency of NJ, Inc., 144 AD3d 1120, 1122; Lihong Dong v Ming Hai, 108 AD3d 599, 600; Stanton v Carrara, 28 AD3d 642). Accordingly, the Supreme Court properly granted the Sterling defendants' motion to dismiss the second amended complaint insofar as asserted against them.
Furthermore, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's cross motion which was for leave to serve a third amended complaint insofar as asserted against the Sterling defendants, since the proposed third amended complaint was palpably insufficient and patently devoid of merit (see Ferrandino & Son, Inc. v Wheaton Bldrs., Inc., LLC, 82 AD3d at 1037).
The plaintiff's remaining contentions are without merit.
ROMAN, J.P., MALTESE, LASALLE and BARROS, JJ., concur.

2015-07856 DECISION & ORDER ON MOTION
White Knight of Flatbush, LLC, appellant, v Deacons
of the Dutch Congregation of Flatbush, also known
as the Reformed Protestant Dutch Church of the
Town of Flatbush, defendant, Sterling Group Asset
Management, LLC, et al., respondents.
(Index No. 508807/14)

Motion by the respondents to dismiss an appeal from an order of the Supreme Court, Kings County, dated August 14, 2015, on the ground that it has been rendered academic. By decision and order on motion of this Court dated March 31, 2017, the motion was held in abeyance [*3]and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is denied.
ROMAN, J.P., MALTESE, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court