PNC Bank, N.A. v Steinhardt (2018 NY Slip Op 02174)





PNC Bank, N.A. v Steinhardt


2018 NY Slip Op 02174


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
BETSY BARROS, JJ.


2015-08368
 (Index No. 13475/11)

[*1]PNC Bank, N.A., respondent, 
v
Sheri Steinhardt, appellant.


Joseph C. Cacciato, New York, NY, for appellant.
Winston & Winston, P.C., New York, NY (Aleksander Powietrzynski of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Queens County (Orin R. Kitzes, J.), dated May 29, 2015. The order, in effect, granted that branch of the plaintiff's motion which was pursuant to CPLR 3211(a) to dismiss the counterclaim.
ORDERED that the order is affirmed, with costs.
The defendant obtained a loan from Greenpoint Mortgage Funding, Inc., to purchase certain real property, which was secured by a mortgage on the property (hereinafter the first mortgage). Shortly thereafter, the plaintiff and the defendant entered into a home equity line of credit agreement (hereinafter the agreement), and the defendant executed a mortgage on the property, in favor of the plaintiff, securing the payment of the amounts due under the agreement. The plaintiff recorded its mortgage before the first mortgage was recorded.
The plaintiff subsequently commenced this action to recover sums due pursuant to the agreement, upon the defendant's default in making payments. The defendant answered the complaint and asserted a counterclaim, in effect, to recover damages for negligence based upon the plaintiff's alleged failure to properly and timely agree to subordinate its mortgage to the first mortgage, which she claimed hindered her attempt to obtain a modification of the first mortgage. Thereafter, the defendant filed a petition under chapter 7 of the United States Bankruptcy Code (11 USC § 701 et seq.) and received a discharge in bankruptcy. The plaintiff then moved, inter alia, pursuant to CPLR 3211(a) to dismiss the defendant's counterclaim. The Supreme Court granted that branch of the motion, concluding that the counterclaim properly belonged in the Bankruptcy Court.
Although the Supreme Court erred in concluding that the adjudication of the counterclaim properly belonged in the Bankruptcy Court (see generally Stern v Marshall, 564 US 462), we nevertheless affirm the order on different grounds (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546).
In considering a motion to dismiss pursuant to CPLR 3211(a)(7), a court must accept the facts as alleged in the pleading as true, accord the proponent of the pleading the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal [*2]theory (see Leon v Martinez, 84 NY2d 83, 87-88; MVB Collision, Inc. v Allstate Ins. Co., 129 AD3d 1041, 1042).
To prevail on a negligence cause of action, a plaintiff must establish the existence of a legal duty, a breach of that duty, proximate causation, and damages. "Absent a duty of care, there is no breach, and without breach there can be no liability" (Fox v Marshall, 88 AD3d 131, 135, citing Pulka v Edelman, 40 NY2d 781, 782). Here, the defendant failed to sufficiently allege that the plaintiff owed her a legal duty to agree to subordinate its mortgage to the first mortgage. Therefore, the counterclaim failed to state a cause of action alleging negligence (see generally MVB Collision, Inc. v Allstate Ins. Co., 129 AD3d at 1042).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., AUSTIN, SGROI and BARROS, JJ., concur.

2015-08368
DECISION & ORDER ON MOTION
PNC Bank, N.A., respondent, v Sheri Steinhardt,
appellant.
(Index No. 13475/11)

Motion by the respondent to strike the appellant's reply brief on an appeal from an order of the Supreme Court, Queens County, dated May 29, 2015, on the grounds, inter alia, that it improperly introduced new arguments and referred to matter dehors the record. By decision and order on motion of this Court dated October 14, 2016, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is granted to the extent that Points IIA, IIB, IIC, IID, and the second paragraph of Point IIF of the reply brief are stricken and have not been considered in the determination of the appeal; and it is further,
ORDERED that the motion is otherwise denied.
DILLON, J.P., AUSTIN, SGROI and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court