M.V.B. Collision, Inc. v Allstate Ins. Co. (2020 NY Slip Op 05735)





M.V.B. Collision, Inc. v Allstate Ins. Co.


2020 NY Slip Op 05735


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-11020
 (Index No. 11602/12)

[*1]M..B. Collision, Inc., etc., respondent, 
v
Allstate Insurance Company, appellant.


Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman and Michael P. Welch of counsel), for appellant.
Steven F. Goldstein, LLP, Carle Place, NY (Gina M. Arnedos of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for tortious interference with contract and violation of General Business Law § 349, the defendant appeals from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered June 21, 2018. The order denied the defendant's motion for summary judgment dismissing the amended complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendant's motion which were for summary judgment dismissing the cause of action to recover damages for tortious interference with contract and the plaintiff's demand for punitive damages, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff, which owned and operated an auto repair shop, commenced this action against the defendant insurer to recover damages for tortious interference with contract and violation of General Business Law § 349. The plaintiff alleged, among other things, that the defendant engaged in practices which deceived claimants who sought to have their vehicles repaired at the plaintiff's shop, resulting in losses to the plaintiff. After discovery, the defendant moved for summary judgment dismissing the amended complaint. In an order entered June 21, 2018, the Supreme Court denied the defendant's motion. The defendant appeals.
The defendant demonstrated its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging tortious interference with contract. The elements of such a cause of action are "the existence of a valid contract between [the plaintiff] and a third party, the defendant's knowledge of that contract, the defendant's intentional procurement of the third party's breach of that contract without justification, and damages" (MVB Collision, Inc. v Allstate Ins. Co., 129 AD3d 1041, 1043; see Kronos, Inc. v AVX Corp., 81 NY2d 90, 94). "To create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms" (Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp., 93 NY2d 584, 589).
Here, the defendant established, prima facie, that the alleged agreements between the plaintiff and its customers did not constitute binding contracts, since they did not set forth the cost of repairs to be performed by the plaintiff (see M.V.B. Collision, Inc. v Rovt, 101 AD3d 830, 832; see also Matter of Hall v Barnes, 225 AD2d 837, 838), or a method by which "th[at] amount [could] be determined objectively without the need for new expressions by the parties" (Cobble Hill Nursing Home v Henry & Warren Corp., 74 NY2d 475, 483). In opposition, the plaintiff failed to raise a triable issue of fact as to the existence of binding contracts between it and third parties. Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging tortious interference with contract.
Furthermore, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the plaintiff's demand for punitive damages, as the defendant demonstrated, prima facie, that its alleged conduct was not so "gross, wanton, or willful, or of such high moral culpability" as to warrant an award of punitive damages, and the plaintiff failed to raise a triable issue of fact in opposition (Connecticut N.Y. Light. Co. v Manos Bus. Mgt. Co., Inc., 171 AD3d 698, 700; see Outside Connection, Inc. v DiGennaro, 18 AD3d 634, 634).
However, the defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of General Business Law § 349. That statute prohibits "[d]eceptive acts or practices in the conduct o any business, trade or commerce or in the furnishing of any service in this state" (General Business Law § 349[a]). "A cause of action to recover damages for a violation of General Business Law § 349 must 'identify consumer-oriented misconduct which is deceptive and materially misleading to a reasonable consumer, and which causes actual damages'" (Ramirez v Donado Law Firm, P.C., 169 AD3d 940, 942, quoting Wilner v Allstate Ins. Co., 71 AD3d 155, 162; see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 24-26).
Here, the defendant failed to submit evidence demonstrating, prima facie, that it did not engage in conduct that was deceptive and misleading to consumers or that the plaintiff did not suffer direct damages as a result of such alleged conduct (see North State Autobahn, Inc. v Progressive Ins. Grp. Co., 102 AD3d 5; see also MVB Collision, Inc. v Allstate Ins. Co., 129 AD3d at 1043). A defendant cannot satisfy its summary judgment burden merely by pointing to gaps in the plaintiff's proof (see Grucci v Grucci, 174 AD3d 790, 791). Accordingly, we agree with the Supreme Court's determination to deny that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of General Business Law § 349.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court