Barry's Auto Body of NY, LLC v Allstate Fire & Cas. Ins. Co. (2021 NY Slip Op 00285)





Barry's Auto Body of NY, LLC v Allstate Fire & Cas. Ins. Co.


2021 NY Slip Op 00285


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-02876
2018-09122
 (Index No. 152162/17)

[*1]Barry's Auto Body of NY, LLC, appellant,
v
Allstate Fire & Casualty Insurance Company, et al., respondents.


Howard M. File, Esq., P.C., Staten Island, NY (Andrew A. Rafter of counsel), for appellant.
Rivkin Radler, LLP, Uniondale, NY (Cheryl F. Korman, Stuart M. Bodoff, and Michael P. Welch of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and violations of General Business Law § 349, the plaintiff appeals from (1) an order of the Supreme Court, Richmond County (Alan C. Marin, J.), dated January 18, 2018, and (2) an order of the same court dated May 31, 2018. The order dated January 18, 2018, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the third, fourth, and seventh through tenth causes of action. The order dated May 31, 2018, insofar as appealed from, upon reargument, adhered to so much of the original determination in the order dated January 18, 2018, as granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the third, fourth, and seventh through tenth causes of action.
ORDERED that the appeal from the order dated January 18, 2018, is dismissed, as the portion of the order appealed from was superseded by the order dated May 31, 2018, made upon reargument; and it is further,
ORDERED that the order dated May 31, 2018, is modified, on the law, by deleting the provision thereof, upon reargument, adhering to so much of the original determination in the order dated January 18, 2018, as granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the third and fourth causes of action, and substituting therefor a provision, upon reargument, vacating that portion of the order dated January 18, 2018, and thereupon denying those branches of the defendants' motion; as so modified, the order dated May 31, 2018, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff, Barry's Auto Body of NY, LLC, is an automobile repair shop located on Staten Island. By summons and complaint dated September 22, 2017, the plaintiff commenced this action against, among others, the defendants Allstate Fire & Casualty Insurance Company and Allstate Insurance Company (hereinafter together Allstate), and the defendants Charles Restivo, Margaret Gardiner, Leeor Majzner, and Phillip Addali (hereinafter collectively the adjuster [*2]defendants). The plaintiff asserted causes of action against Allstate to recover damages for breach of contract (first and second causes of action) and violations of General Business Law § 349 (third and fourth causes of action). The causes of action asserted against the adjuster defendants sought to recover damages for tortious interference with contract (seventh through tenth causes of action).
The gravamen of the complaint is that the plaintiff had contracted with Allstate's insureds to repair the insureds' vehicles to their "pre-accident condition," and that pursuant to the insureds' insurance policies issued by Allstate, Allstate agreed to pay for such repairs. The plaintiff alleges that Allstate routinely misled these insureds into believing that Allstate would pay the reasonable cost to repair their vehicles, but in fact, Allstate paid less than the reasonable cost, leaving a deficiency on each of the insureds' claims and damaging the plaintiff. The plaintiff further alleges that the adjuster defendants were aware of the plaintiff's repair agreements with the insureds, and that the adjuster defendants intentionally interfered with such agreements for no legitimate purpose and with the sole purpose of harming the plaintiff.
In lieu of answering, defendants moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the third, fourth, and seventh through tenth causes of action. In an order dated January 18, 2018, the Supreme Court, among other things, granted those branches of the motion. The plaintiff then moved for leave to reargue its opposition to the defendants' motion. In an order dated May 31, 2018, the court, inter alia, upon reargument, adhered to so much of its original determination as granted those branches of the defendants' motion which were to dismiss the third, fourth, and seventh through tenth causes of action. The plaintiff appeals.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87; Sokol v Leader, 74 AD3d 1180, 1181). Further, on a motion to dismiss pursuant to CPLR 3211(a)(7), the court may consider affidavits submitted by the plaintiff to remedy any defects in the complaint, and upon considering such affidavits, the facts alleged therein must also be assumed to be true (see Kopelowitz & Co., Inc. v Mann, 83 AD3d 793, 797; Pike v New York Life Ins. Co., 72 AD3d 1043, 1049). "Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its [causes of action], of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss" (Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38; see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19).
To state a cause of action to recover damages for a violation of General Business Law § 349, the complaint must allege that "'a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice'" (Koch v Acker, Merrall & Condit Co., 18 NY3d 940, 941, quoting City of New York v Smokes-Spirits.Com, Inc., 12 NY3d 616, 621; see Stutman v Chemical Bank, 95 NY2d 24, 29; Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 25; North State Autobahn, Inc. v Progressive Ins. Group Co., 102 AD3d 5, 11; Ural v Encompass Ins. Co. of Am., 97 AD3d 562, 564; Wilner v Allstate Ins. Co., 71 AD3d 155, 161-162).
The plaintiff sufficiently alleged that Allstate "engaged in consumer-oriented conduct that [was] materially misleading and that [the plaintiff] suffered injury as a result of the allegedly deceptive act or practice" (Pesce Bros., Inc. v Cover Me Ins. Agency of NJ, Inc., 144 AD3d 1120, 1123, citing North State Autobahn, Inc. v Progressive Ins. Group Co., 102 AD3d at 11). Contrary to the Supreme Court's determination, the plaintiff's third and fourth causes of action, as amplified by the affidavit of the plaintiff's managing member, state cognizable causes of action alleging violations of General Business Law § 349 (see MVB Collision, Inc. v Allstate Ins. Co., 129 AD3d 1041, 1043; Ural v Encompass Ins. Co. of Am., 97 AD3d at 564-565; Wilner v Allstate Ins. Co., 71 AD3d at 167). Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the third and fourth causes of action, alleging violations of General Business Law § 349.
However, contrary to the plaintiff's contention, the complaint failed to state a cause of action against the adjuster defendants to recover damages for tortious interference with contract (see White Knight of Flatbush, LLC v Deacons of the Dutch Congregation of Flatbush, 159 AD3d 939, 941; Nagan Constr., Inc. v Monsignor McClancy Mem. High Sch., 117 AD3d 1005, 1006). "The elements of a cause of action alleging tortious interference with contract are: (1) the existence of a valid contract between the plaintiff and a third party, (2) the defendant's knowledge of that contract, (3) the defendant's intentional procurement of a third-party's breach of that contract without justification, and (4) damages" (Nagan Constr., Inc. v Monsignor McClancy Mem. High Sch., 117 AD3d at 1006; see Lama Holding Co. v Smith Barney, 88 NY2d 413, 424). Further, the plaintiff "must specifically 'allege that the contract would not have been breached but for the defendant's conduct'" (Ferrandino & Son, Inc. v Wheaton Bldrs., Inc., LLC, 82 AD3d 1035, 1036, quoting Borrowes v Combs, 25 AD3d 370, 373).
Here, even accepting the facts alleged in the complaint as true and according the plaintiff the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d at 87), the complaint failed to sufficiently allege that the contracts with the insureds were breached and would not have been but for the adjuster defendants' actions (see White Knight of Flatbush, LLC v Deacons of the Dutch Congregation of Flatbush, 159 AD3d at 941; Nagan Constr., Inc. v Monsignor McClancy Mem. High Sch., 117 AD3d at 1006; Ferrandino & Son, Inc. v Wheaton Bldrs., Inc., LLC, 82 AD3d at 1036). Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the seventh through tenth causes of action.
MASTRO, A.P.J., LASALLE, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court