U.S. Bank N.A. v Kahn Prop. Owner, LLC (2022 NY Slip Op 03922)

U.S. Bank N.A. v Kahn Prop. Owner, LLC

2022 NY Slip Op 03922

Decided on June 15, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 15, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-11613
 (Index No. 609493/16)

[*1]U.S. Bank National Association, etc., plaintiff, 
v
Kahn Property Owner, LLC, et al., defendants third-party plaintiffs-appellants, et al., defendants; LNR Partners, LLC, et al., third-party defendants, Stan Gale, et al., third-party defendants-respondents.

Law Offices of Joshua L. Dratel, P.C., New York, NY (Pollack Pollack Isaac & DeCicco, LLP [Brian J. Isaac], of counsel), for defendants third-party plaintiffs-appellants.
Farrell Fritz, P.C., Uniondale, NY (James M. Wicks, Franklin C. McRoberts, and John C. Stellakis of counsel), for third-party defendants-respondents.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendants third-party plaintiffs, Kahn Property Owner, LLC, Gary Melius, Oheka Catering I, LLC, and Oheka Management, LLC, appeal from an order of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated September 4, 2019. The order, insofar as appealed from, granted those branches of the motion of the third-party defendants Stan Gale and Gale International, LLC, which were pursuant to CPLR 3211(a) to dismiss the third-party causes of action alleging tortious interference with contract, breach of fiduciary duty, constructive fraud, breach of the duty to negotiate in good faith, and fraud in the inducement insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendant third-party plaintiff Kahn Property Owner, LLC (hereinafter Kahn), is the owner of certain property in Suffolk County known as Oheka Castle. The defendant third-party plaintiff Gary Melius is the principal of Kahn and of the defendants third-party plaintiffs Oheka Catering I, LLC, and Oheka Management, LLC, which operate Oheka Castle. The plaintiff commenced this action, inter alia, to foreclose a mortgage on the property against, among others, Kahn, Melius, Oheka Catering I, LLC, and Oheka Management, LLC (hereinafter collectively the defendants). The defendants commenced a third-party action against the third-party defendant Gale International, LLC, a real estate development company, and its owner, the third-party defendant Stan Gale (hereinafter together the Gale defendants), as well as against the loan servicer for the subject mortgage loan, the third-party defendant LNR Partners, LLC (hereinafter LNR), and its alleged parent company, the third-party defendant Starwood Capital Group, LLC (hereinafter Starwood).
The amended third-party complaint asserted third-party causes of action, inter alia, to recover damages for tortious interference with contract, breach of fiduciary duty, constructive fraud, breach of the duty to negotiate in good faith, and fraud in the inducement. The amended third-[*2]party complaint alleged that Melius had planned to build condominiums on the land surrounding Oheka Castle, and Gale approached him with a proposal to redesign a neighboring country club and its golf course to be incorporated into the condominium community, with Oheka Castle as the clubhouse. The amended third-party complaint further alleged that Gale fraudulently represented that he could use his connections with LNR and Starwood to handle any pending lender-related issues concerning the underlying mortgage loans, which had been declared by the plaintiff to be in default. It further alleged that Gale, acting in bad faith, caused the breakdown of the development deal by attempting to interject objectionable terms into the deal, as part of a scheme between the Gale defendants, the plaintiff, LNR, and Starwood to obtain for themselves ownership of Oheka Castle at a discount.
The Gale defendants moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the third-party causes of action alleging tortious interference with contract, breach of fiduciary duty, constructive fraud, breach of the duty to negotiate in good faith, and fraud in the inducement insofar as asserted against them. The defendants opposed the motion. By order dated September 4, 2019, the Supreme Court granted the Gale defendants' motion, and the defendants appeal.
In assessing a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211(a)(7), a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88).
"The elements of a cause of action alleging tortious interference with contract are: (1) the existence of a valid contract between the plaintiff and a third party, (2) the defendant's knowledge of that contract, (3) the defendant's intentional procurement of a third-party's breach of that contract without justification, and (4) damages" (Nagan Constr., Inc. v Monsignor McClancy Mem. High Sch., 117 AD3d 1005, 1006; see Palmieri v Perry, Van Etten, Rozanski & Primavera, LLP, 200 AD3d 785, 787). Further, the complaint must specifically allege that the contract would not have been breached but for the defendant's conduct (see Barry's Auto Body of NY, LLC v Allstate Fire & Cas. Ins. Co., 190 AD3d 807, 810; Ferrandino & Son, Inc. v Wheaton Bldrs., Inc., LLC, 82 AD3d 1035, 1036).
Here, insofar as asserted against the Gale defendants, the third-party cause of action alleging tortious interference with contract alleged that the Gale defendants willfully disrupted the business and contractual relationship between the defendants and the plaintiff, causing the plaintiff to breach various mortgage loan documents, declare the mortgage loan to be in default, and accelerate the mortgage loan. However, accepting the facts alleged in the amended third-party complaint as true and according the defendants the benefit of every possible favorable inference, the amended third-party complaint failed to allege that the plaintiff would not have declared the mortgage loan to be in default and accelerated the mortgage loan, or otherwise breached the mortgage loan documents, but for the Gale defendants' alleged wrongful conduct concerning negotiations over the proposed golf course and condominium development. Accordingly, the Supreme Court properly granted that branch of the Gale defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the third-party cause of action alleging tortious interference with contract insofar as asserted against the Gale defendants (see Barry's Auto Body of NY, LLC v Allstate Fire & Cas. Ins. Co., 190 AD3d at 810-811; White Knight of Flatbush, LLC v Deacons of the Dutch Congregation of Flatbush, 159 AD3d 939, 941; Ferrandino & Son, Inc. v Wheaton Bldrs., Inc., LLC, 82 AD3d at 1036).
The elements of causes of action to recover damages for breach of fiduciary duty and constructive fraud both include the existence of a fiduciary relationship (see Woodmere Rehabilitation & Health Care Ctr., Inc. v Zafrin, 197 AD3d 1268, 1271; Levin v Kitsis, 82 AD3d 1051, 1054). A partnership in a joint venture gives rise to a fiduciary relationship (see Plumitallo v Hudson Atl. Land Co., LLC, 74 AD3d 1038, 1039; Parr v Ronkonkoma Realty Venture I, LLC, 65 AD3d 1199, 1201).
Here, the amended third-party complaint does not set forth a legally cognizable cause [*3]of action sounding in breach of fiduciary duty or constructive fraud based on a joint venture agreement because it does not allege a mutual promise or undertaking to share the burden of the losses of the alleged proposed golf course and condominium development enterprise with the Gale defendants (see MacKay v Paesano, 185 AD3d 915, 915-916; Rocchio v Biondi, 40 AD3d 615, 616). Accordingly, the Supreme Court properly granted that branch of the Gale defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the third-party causes of action sounding in breach of fiduciary duty and constructive fraud insofar as asserted against them.
The Supreme Court also properly granted that branch of the Gale defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging breach of the duty to negotiate in good faith insofar as asserted against them, as the amended third-party complaint failed to sufficiently allege bad faith on the part of the Gale defendants in seeking to amend the terms of the parties' nonfinal agreement relating to the golf course and condominium development (see IDT Corp. v Tyco Group, S.A.R.L., 23 NY3d 497, 502-504).
Further, the Supreme Court properly granted that branch of the Gale defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the third-party cause of action alleging fraud in the inducement insofar as asserted against them, because it is based upon a representation that amounts to "vague expressions of hope and future expectation," which are insufficient to support a claim of fraud (High Tides, LLC v DeMichele, 88 AD3d 954, 958; see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 178-179; CSI Group, LLP v Harper, 153 AD3d 1314, 1318).
In light of our determination, we need not reach the defendants' remaining contention.
BRATHWAITE NELSON, J.P., IANNACCI, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court