Wagner v Park (2024 NY Slip Op 50300(U))

[*1]

Wagner v Park

2024 NY Slip Op 50300(U)

Decided on March 22, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 22, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

571316/23
William Wagner, Plaintiff-Appellant, 
against
Andy Park, Defendant-Respondent.

Plaintiff appeals from (1) an order of the Civil Court of the City of New York, New York County (Phaedra F. Perry, J.), entered February 22, 2022, which granted defendant's motion for summary judgment dismissing the complaint, and (2) that portion of an order (same court and Judge) entered August 11, 2022, which denied plaintiff's motion for leave to amend the complaint.

Per Curiam.
Order (Phaedra F. Perry, J.), entered February 22, 2022, and order (Phaedra F. Perry, J.), entered August 11, 2022, insofar as appealed from, affirmed, without costs.
We sustain the grant of summary judgment dismissing plaintiff's claim for defamation. This claim, which arises from a customer review posted on the Yelp website regarding nonparty moving company "Urban Flat Rate," was not "of and concerning" the plaintiff William Wagner, who is not named or identified in the post (Three Amigos SJL Rest., Inc. v CBS News Inc., 28 NY3d 82, 86-87 [2016]; see Matter of Soames v 2LS Consulting Eng'g, D.P.C., 187 AD3d 490, 492 [2020]). Nor did plaintiff sustain his burden of pleading and proving that the allegedly defamatory statement referred to him (see Lihong Dong v Ming Hai, 108 AD3d 599, 600 [2013]). In this connection, plaintiff's written statement submitted in opposition to the motion was unsigned, unsworn, and not affirmed to be true under penalties of perjury, and therefore devoid of probative value (see Yonkers Ave. Dodge, Inc. v BZ Results, LLC, 95 AD3d 774, 775 [2012]).
Plaintiff's subsequent motion was properly denied, since at the time plaintiff moved for leave to amend the caption, the original complaint had already been dismissed (see Sodhi v IAC/InterActive Corp., 216 AD3d 556, 557 [2023]). Accordingly, "there was no complaint left before the court to amend" (Tanner v Stack, 176 AD3d 429 [2019][internal quotation marks and citation omitted]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 22, 2024