Matter of Soames v 2LS Consulting Eng'g, D.P.C. (2020 NY Slip Op 05607)





Matter of Soames v 2LS Consulting Eng'g, D.P.C.


2020 NY Slip Op 05607


Decided on October 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 08, 2020

Before: Renwick, J.P., González, Kennedy, Mendez, JJ. 


Index No. 154272/17 Appeal No. 12006-12006A-12006B-12006C Case No. 2019-404 

[*1]In re Paul Soames, Petitioner-Appellant,
v
2LS Consulting Engineering, D.P.C., et al., Respondents-Respondents.


Law Office of Andrea Paparella, PLLC, New York (Matthew R. Litt of counsel), for appellant.
Law Office of Joseph Martin Carasso, New York (Joseph Martin Carasso of counsel), for respondents.



Order, Supreme Court, New York County (Shlomo Hagler, J.), entered May 21, 2018, which denied plaintiff's motion to amend the complaint to add a claim for conversion, unanimously affirmed, without costs. Order, same court and Justice, entered May 21, 2018, which, to the extent appealed from as limited by the briefs, upon defendants' motion to dismiss the complaint, dismissed in part plaintiff's claim for breach of contract for failure to purchase shares and dismissed the claims for breach of contract for termination without cause, for unjust enrichment, quantum meruit and for defamation arising from defendant Leone's Facebook post, unanimously affirmed, without costs. Order, same court and Justice, entered May 23, 2018, which, to the extent appealed from, upon defendants' motion to dismiss, partially dismissed plaintiff's claim for breach of fiduciary duty, and dismissed plaintiff's claims for fraud and misrepresentation and for tortious interference with prospective economic advantage, unanimously affirmed, without costs. Order, same court and Justice, entered on or about July 30, 2018, which, to the extent appealed from, granted defendants' motion to dismiss the claims for breach of contract for failure to purchase shares and defamation arising from statements made to Signature Bank, unanimously affirmed, without costs.
Plaintiff shows no reason to revisit the partial dismissal of the breach of fiduciary duty claim. The court left intact the allegations of defendants' removal and use of corporate funds from Signature Bank without plaintiff's knowledge or consent, and the only aspects dismissed were those that were duplicative of the breach of contract claims (see William Kaufman Org. v Graham & James, 269 AD2d 171, 173 [1st Dept 2000]).
The claim for fraud and negligent misrepresentation was also properly dismissed, as it too duplicates the breach of contract claims. It does not allege breach of a duty independent from the parties' agreements and instead alleges, in essence, that defendants falsely represented that they would abide by those agreements (see Havell Capital Enhanced Mun. Income Fund L.P. v Citibank N.A., 84 AD3d 588, 589 [1st Dept 2011]). 
The motion court properly dismissed the claim for tortious interference with prospective economic advantage on grounds that it lacked specificity and was speculative. Plaintiff simply alleged an existing reasonable expectation of receiving an economic advantage from his clients, with which defendants wrongfully and intentionally interfered, causing him financial harm, but he failed to identify any particular relationships or explain how defendants interfered with them (see McGill v Parker, 179 AD2d 98, 105 [1st Dept 1992]).
The motion court properly denied the motion to amend the complaint to add a conversion claim, one that was expressly "[b]ased on the parties' agreements" (see Jagarnauth v Massey Knakal Realty Servs, Inc., 104 AD3d 564, 565 [1st Dept 2013]).
Plaintiff's efforts to show that the alleged buyout provision that he seeks to enforce complies with the Business Corporation Law are unavailing. He argues that he never claimed entitlement to 25% of the stock of 2LS as his buyout share, but rather that the parties agreed to purchase a terminated partner's interest at a rate of 25%. Plaintiff here only reiterates that the amount to be received by him, a nondesign professional, would represent more than his statutorily allotted share of 2LS, and would thus violate Business Corporation Law § 1507(b)'s requirement that a design professional own more than 75% of a Design Professional Corporation. Nor does plaintiff show that agreements that are statutorily void can nevertheless be implemented on theories of quasi-contract, and his unjust enrichment and quantum meruit claims were therefore also properly dismissed. His claim for breach of contract arising from what he claims to have been his termination without cause was also properly dismissed, as this too was an attempt to achieve the otherwise impermissible 25% buyout.
The defamation claims were also properly dismissed. The claim arising from the Facebook post is not "of and concerning" plaintiff and plaintiff offers no information about the colleagues whom, he claims, understood the post to be about him (Three Amigos SJL Rest, Inc. v CBS News, Inc, 132 AD3d 82, 88 [1st Dept 2015], affd 28 NY3d 82 [2016]; Lihong Dong v Ming Hai, 108 AD3d 599, 600 [2d Dept 2013]). As to the claim arising from the statements made to Signature Bank, the parties do not dispute that a common interest qualified privilege attached, but they dispute whether plaintiff adequately alleged that malice was the sole motivation for defendants to have made them, so as to overcome that privilege (Liberman v Gelstein, 80 NY2d 429, 437 [1992]). However, plaintiff acknowledged, in his pleading, that the statements were also made to enable defendants Leone and Latterman to withdraw the 2LS funds without his signature.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2020