Sodhi v IAC/InterActive Corp. (2022 NY Slip Op 00067)





Sodhi v IAC/InterActive Corp.


2022 NY Slip Op 00067


Decided on January 06, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 06, 2022

Before: Webber, J.P., Friedman, Oing, Moulton, Kennedy, JJ. 


Index No. 652390/20 Appeal No. 14965 Case No. 2021-02914 

[*1]Nina Sodhi, et al., Plaintiffs-Appellants,
v
IAC/InterActive Corp., Defendant-Respondent.


The Law Office of William Waldner, New York (Edwin J. Kilpela of counsel), for appellant.
Ganfer Shore Leeds & Zauderer LLP, New York (Mark C. Zauderer of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered April 9, 2021, which granted defendant's motion to dismiss the complaint, unanimously affirmed, with costs.
Plaintiffs allege, among other things, that defendant grossly misrepresented the value of the "phantom equity" or units they held in defendant's subsidiary. The units were granted to plaintiffs as part of their employment compensation, under an equity incentive plan (plan). Pursuant to the plan, the senior participant, i.e., the person holding the largest number of units, agreed to an early settlement date, and negotiated and agreed upon a final appraisal value for the units on behalf of all plan participants. In accordance with the senior participant's agreement with defendant, each plaintiff executed a settlement letter whereby they agreed to the appraisal value of the vested units and released defendant from "any and all causes of action" which they "may now have, or hereinafter can, shall or may have" against defendant "with respect to [their] interest in the [u]nits."
The releases in the settlement letters bar plaintiffs' claims for breach of contract, breach of the implied covenant, and fraud arising from the alleged misrepresentation of the value of the units (see Global Mins. & Metals Corp. v Holme, 35 AD3d 93, 98 [1st Dept 2006], lv denied 8 NY3d 804 [2007]).
In addition, plaintiffs may not invalidate their releases by claiming they were fraudulently induced to enter into them. This new theory of liability, raised for the first time in plaintiffs' opposition papers, should not be considered (see Price v City of New York, 172 AD3d 625, 628-629 [1st Dept 2019], appeal dismissed 34 NY3d 989 [2019]). However, even if we were to consider this argument, we would find it unavailing, as the alleged misrepresentations made to the senior participant regarding the units' value did not constitute a "separate fraud" from the subject of the release (Centro Empresarial Cempresa S.A. v AmÉrica MÓvil, S.A.B. de C.V., 17 NY3d 269, 277, 280 [2011]; Kafa Invs., LLC v 2170-2178 Broadway, LLC, 39 Misc 3d 385, 390-393 [Sup Ct, NY County 2013], affd 114 AD3d 433 [1st Dept 2014], lv denied 24 NY3d 902 [2014]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2022