Endothelix, Inc. v Vasomedical, Inc. (2022 NY Slip Op 01240)





Endothelix, Inc. v Vasomedical, Inc.


2022 NY Slip Op 01240


Decided on February 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 24, 2022

Before: Acosta, P.J., Kapnick, Friedman, Singh, Pitt, JJ. 


Index No. 651015/16 Appeal No. 15368-15368A-15368B Case No. 2021-00992, 2021-00993 

[*1]Endothelix, Inc., Plaintiff-Appellant,
v
Vasomedical, Inc., Defendant-Respondent. 


Schneider Wallace Cottrell Konecky, Houston, TX (Peter B. Schneider of the bar of the State of Texas, admitted pro hac vice, of counsel), for appellant.
Ortoli Rosenstadt, LLP, New York (Marc S. Gottlieb of counsel), for respondent.



Judgment, Supreme Court, New York County (O. Peter Sherwood, J.), entered January 4, 2021, awarding defendant damages in the amount of $702,299 plus interest, unanimously affirmed, with costs. Orders, same court (Saliann Scarpulla, J.), entered January 4, 2021, and August 19, 2019, which, respectively, declared that defendant is entitled to "a worldwide exclusive license on all intellectual properties defined as Collateral in the parties' Credit and Security Agreements, and to utilize the Collateral in any manner specifically set forth in the parties Credit and Security Agreements," and denied plaintiff's motion to amend the complaint to conform to the evidence, unanimously modified, on the law, to provide that such income as defendant may receive from the aforementioned worldwide exclusive license shall be credited to plaintiff against the aforementioned money judgment, and that the worldwide exclusive license shall terminate upon satisfaction of the money judgment, and otherwise affirmed, with costs to defendant against plaintiff.
The court providently exercised its discretion in denying plaintiff's motion for leave to amend the complaint to conform to the evidence (CPLR 3025[c]), in view of plaintiff's unjustified extensive delay in seeking leave to amend, and the substantial prejudice that would result to defendant if an amendment were granted. Plaintiff did not seek to amend the complaint until the middle of trial, despite being in possession of the relied upon discovery for two years, and has not provided a reasonable excuse for the delay in making the motion. Moreover, the delay hindered defendant from seeking discovery that could refute plaintiff's claims of misrepresentation (see Oil Heat Inst. of Long Is. Ins. Trust v RMTS Assoc., 4 AD3d 290, 294 [1st Dept 2004]; Lattanzio v Lattanzio, 55 AD3d 431, 432 [1st Dept 2008]; Arias-Paulino v Academy Bus Tours, Inc., 48 AD3d 350 [1st Dept 2008]).
The court's inclusion of a frustration-of-purpose charge in its instruction on plaintiff's breach of contract claim was proper (see ADC Orange, Inc. v. Coyote Acres, Inc., 7 NY3d 484, 490 [2006]). The jury's finding that plaintiff had interfered, impeded, or frustrated defendant's ability to perform under the Product Development Agreement was not against the weight of the evidence (CPLR 4404[a]). Plaintiff has not demonstrated how the evidence so preponderated in its favor that the jury's finding could not have been reached on any fair interpretation of the evidence (Killon v Parrotta, 28 NY3d 101, 108 [2016]).
Under the Secured Line of Credit Agreement, defendant agreed that its loan to plaintiff would be secured by certain intellectual property and that, in the event of a default, defendant is granted an exclusive license on such intellectual property until the outstanding debts are paid off. As the agreement provides that the license is to terminate upon the full payment of plaintiff's debt to defendant, we modify the declaration to provide that [*2]the license will terminate upon satisfaction of defendant's money judgment against plaintiff, which represents the unpaid debt, and that defendant's income from the license shall be credited toward satisfaction of the money judgment.
The court properly granted defendant's motion for a directed verdict dismissing plaintiff's claim for fraudulent inducement of the Distribution Agreement (CPLR 4401). Plaintiff has not pointed to any evidence showing that defendant's alleged misrepresentations were intentional, or how it has been injured (see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142 [2017]). Defendant was also entitled to a directed verdict dismissing plaintiff's claim for misappropriation of trade secrets. Defendant's mere displaying of a prototype at a medical conference, without more, is insufficient to show an improper use of trade secrets (see Schroeder v Pinterest Inc., 133 AD3d 12, 27 [1st Dept 2015]). Further, plaintiff has not pointed to any evidence showing how it has been injured and, in any event, its claimed damages are barred by the Product Development Agreement.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2022