Inspirit Dev. & Constr., LLC v GMF 157 LP (2022 NY Slip Op 01390)





Inspirit Dev. & Constr., LLC v GMF 157 LP


2022 NY Slip Op 01390


Decided on March 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 03, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Singh, Scarpulla, Higgitt, JJ. 


Index No. 652022/20 Appeal No. 15423 Case No. 2021-03120 

[*1]Inspirit Dev. & Constr., LLC, Plaintiff-Respondent-Appellant,
v
GMF 157 LP, et al., Defendants-Appellants-Respondents.
[Another Action]
GMF 157 LP, Third-Party Plaintiff-Appellant,
v
Alex R. Chiesi, Third-Party Defendant-Respondent.


Olshan Frome Wolosky LLP, New York (Kerrin T. Klein of counsel), for appellants-respondents/appellant.
Bailey Duquette P.C., New York (Derrick F. Moore of counsel), for respondent-appellant/respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about January 25, 2021, which granted the motion of defendant GMF 157 LP to dismiss the third and fourth causes of action, the motion of defendants Polizzotto Development, LLC (Polizzotto LLC), 3RE Partners, and Gino Polizzotto (the Polizzotto defendants) to dismiss the fifth cause of action, and third-party defendant's motion to dismiss the third-party complaint but denied the Polizzotto defendants' motion to dismiss the sixth cause of action, unanimously modified, on the law, to dismiss the sixth cause of action, and otherwise affirmed, without costs.
The court properly dismissed the third cause of action for quantum meruit and the fourth for unjust enrichment. "The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter" (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]; see also id. at 389).
Plaintiff claims the written contract between it and GMF does not cover the parties' entire dispute because plaintiff performed work that was not originally contemplated by the contract. However, the contract specifically provided for change orders. Indeed, the complaint alleges that plaintiff agreed to perform extra work and that GMF agreed to pay it through change orders (see Aviv Constr. v Antiquarium, Ltd., 259 AD2d 445, 446 [1st Dept 1999] ["A contractor cannot bring a quantum meruit claim for extra payments beyond the original contract price where there exists a contract governing how payment for extra work will be determined"]).
The court properly dismissed the fifth cause of action (negligence against the Polizzotto defendants). "[A] simple breach of contract is not to be considered a tort unless a legal duty independent of the contract . . . has been violated . . . Merely charging a breach of a duty of due care . . . does not, without more, transform a . . . breach of contract into a tort claim" (Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 711 [2018] [internal quotation marks and some emendations omitted]).
Here, plaintiff's "injury . . . was not personal injury or property damage; [and] there was no abrupt, cataclysmic occurrence" (Sommer, 79 NY2d at 552). Instead, "plaintiff is essentially seeking enforcement of [its] bargain" (id.); hence, "the action should proceed under a contract theory" (id.; see also Dormitory Auth., 30 NY3d at 711, 713; Clark-Fitzpatrick, 70 NY2d at 390 ["the damages plaintiff allegedly sustained as a consequence of defendant's violation of a 'duty of due' care' in designing the project were clearly within the contemplation of the written agreement, as indicated by the design change and adjusted compensation provisions of the contract"]).
Moreover, "to prevail on a negligence claim, a plaintiff must demonstrate a duty owed by the defendant to the plaintiff [*2]In the absence of a duty, as a matter of law, there can be no liability" (Pasternak v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 825 [2016] [internal quotation marks omitted]). Polizzotto LLC — which contracted with GMF — owes no duty to plaintiff, a nonparty to that contract (see Church v Callanan Indus., 99 NY2d 104, 111 [2002]), and plaintiff has not shown that any of the exceptions to that rule applies.
The court should have dismissed the sixth cause of action (tortious interference with contract and prospective economic advantage). The part of this claim that alleges that the Polizzotto defendants interfered with the contracts between plaintiff and its subcontractors is deficient because there are no nonconclusory allegations that the subcontractors breached (see e.g. NBT Bancorp v Fleet/Norstar Fin. Group, 87 NY2d 614, 620 [1996] ["to succeed on a cause of action for inducement of breach of contract, a plaintiff obviously must show a breach of contract"]; Williams v Citigroup, Inc., 104 AD3d 521, 522 [1st Dept 2013] [the "claim for tortious interference was properly dismissed, as (plaintiff) failed to identify any term of the agreements that was breached"]).
The part of the sixth cause of action that alleges that the Polizzotto defendants interfered with plaintiff's contract with GMF is deficient because the Polizzotto defendants were acting as GMF's agents (see Devash LLC v German Am. Capital Corp., 104 AD3d 71, 79 [1st Dept 2013] ["It is well settled that an agent cannot be held liable for inducing its principal to breach a contract with a third person, at least where it is acting on behalf of its principal and within the scope of its authority"] [emendations and internal quotation marks omitted], lv denied 21 NY3d 863 [2013]). The conclusory allegation that "[a]ll of the tortious conduct of [the] Polizzotto [defendants] was performed outside the scope of the Agreement" is insufficient (see Kickertz v New York Univ., 110 AD3d 268, 275 [1st Dept 2013]).
The part of the sixth cause of action that alleges that the Polizzotto defendants interfered with plaintiff's business relationships with suppliers and vendors in the New York City and surrounding area is deficient because plaintiff neither alleged sufficiently culpable conduct directed at those third parties (see e.g. Carvel Corp. v Noonan, 3 NY3d 182, 189-192 [2004]) nor specified any entities with which it would have done business (see Matter of Soames v 2LS Consulting Eng'g D.P.C., 187 AD3d 490, 491 [1st Dept 2020]; Vigoda v DCA Prods. Plus, 293 AD2d 265, 266 [1st Dept 2002]).
The court correctly dismissed the third-party complaint, which alleges fraud against plaintiff's president/managing partner (see American-European Art Assoc. v Trend Galleries, 227 AD2d 170, 171 [1st Dept 1996]). "[T]he only fraud charged relates to an alleged breach of contract" (id.). The invoices and certifications on which GMF's
fraud claim is based were clearly contemplated by the contract. Thus[*3], the fraud claim "does not allege breach of a duty independent from the parties' agreement[]" (Soames, 187 AD3d at 491; see also FJ Vulis, LLC v Val, 166 AD3d 469 [1st Dept 2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2022