Columbia Consultants, LLC v Danucht Entertainment, LLC (2023 NY Slip Op 06439)

Columbia Consultants, LLC v Danucht Entertainment, LLC

2023 NY Slip Op 06439

Decided on December 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 14, 2023

Before: Kapnick, J.P., Friedman, González, O'Neill Levy, JJ. 

Index No. 655526/18 Appeal No. 1214 Case No. 2022-02969 

[*1]Columbia Consultants, LLC, et al., Plaintiffs-Respondents,
v
Danucht Entertainment, LLC, et al., Defendants-Appellants.

Baker & Hostetler LLP, New York (Alyse F. Stach of counsel), for appellants.
Michael B. Kramer & Associates, New York (Michael B. Kramer of counsel), for respondents.

Order, Supreme Court, New York County (Andrea Masley, J.), entered June 1, 2022, which, to the extent appealed from, denied defendants' motion to dismiss the fourth cause of action of the third amended complaint (tortious interference with contract), and granted defendants' motion to reargue their prior motion to dismiss and, upon reargument, adhered to its August 27, 2021 order, which denied their motion to dismiss the third and fifth causes of action of the second amended complaint (fraud and declaratory judgment), unanimously modified, on the law, to dismiss the third cause of action for fraud and otherwise affirmed, without costs.
Plaintiffs released their claim that they had been fraudulently induced to enter into the settlement agreement and release. The release covers all claims (with certain exceptions that are not relevant to this appeal), whether "known or unknown, foreseen or unforeseen, matured or unmatured, suspected or unsuspected, . . . arising out of or relating to" the purchase agreements, the businesses covered by the purchase agreements, and the dispute between the parties concerning their obligations thereunder. This is broad enough to cover plaintiffs' fraud claim (see e.g. Centro Empresarial Cempresa S.A. v AmÉrica MÓvil, S.A.B. de C.V., 17 NY3d 269, 277 [2011]; Sodhi v IAC/InterActive Corp., 201 AD3d 451 [1st Dept 2022]; Avnet, Inc. v Deloitte Consulting LLP, 187 AD3d 430, 431 [1st Dept 2020]).
The release was "fairly and knowingly made" (Centro, 17 NY3d at 276 [internal quotation marks omitted]). The settlement agreement and release was the subject of negotiations between counselled parties. Furthermore, section 1.3(b) provides that the release will remain in effect despite that each releasor "may later discover [c]laims or facts that may be different from . . . those that it . . . now knows or believes to exist regarding the subject matter of the release" and which "if known at the time of signing of [the] [a]greement, may have materially affected [the] [a]greement and such [p]arty's decision to enter into it." Plaintiffs also failed to identify "a separate fraud from the subject of the release" (Centro, 17 NY3d at 276; see also Centro at 278; Pappas v Tzolis, 20 NY3d 228, 234 [2012]; Sodhi, 201 AD3d at 451).
Even if the fraud claim were not barred by the release, it would fail for lack of justifiable reliance. Plaintiffs allege that they entered into the settlement agreement (dated as of July 6, 2017) because defendant Richard Akiva falsely stated in late January or early February 2017 that the only person interested in buying the membership interests that plaintiffs had sold to defendant Danucht Entertainment, LLC in 2015 was nonparty Ron Burkle, for a price lower than what Danucht had paid. However, section 3 of the settlement agreement states, "Each party . . . acknowledges that in entering into [the] agreement, it has not relied upon any representation or warranty made by the other parties . . . , except as specifically [*2]provided in section 2" (emphasis omitted), and section 2 has nothing to do with indication of interest in buying membership interests. In light of section 3, plaintiffs' reliance on Akiva's misrepresentation is unreasonable as a matter of law (see Avnet, 187 AD3d at 431-432; Goldberg v KZ 72nd, 171 AD2d 525, 527 [1st Dept 1991]; see also Pappas, 20 NY3d at 233; DuBow v Century Realty, Inc., 172 AD3d 622 [1st Dept 2019]).
As to the tortious interference with contract claim asserted against Akiva, defendants' contention that the release covers the payments due to plaintiff Scott Sartiano under the international license agreement between defendant TKNY Global LLC and nonparties Butter IPH, LLC and Butter Management LLC is unavailing. The first purchase agreement imposes an obligation on Danucht to pay Sartiano "fifty percent . . . of the gross revenues generated from the [1 Oak Tokyo] license agreement." It also imposes an obligation on Danucht to "use best efforts to have the operating entity make payments direct to both" Danucht and Sartiano.
Danucht fulfilled the second obligation insofar as Sartiano is concerned — the license agreement provides that all payments due thereunder "shall be made payable directly as follows: . . . 50% to . . . Sartiano or his related entity." Thus, consistent with section 1.1(a) of the settlement agreement, that obligation was "fulfilled in full," and the transaction contemplated by the first purchase agreement — namely, the license agreement — was "consummated."
If plaintiffs were suing Danucht under the first purchase agreement for 50% of the gross revenue generated from the 1 Oak Tokyo license, that claim would be barred by section 1.1(a) of the settlement agreement. However, plaintiffs are suing Akiva for tortiously interfering with Sartiano's right to receive 50% of the payments under the license agreement. TKNY's obligation to pay Sartiano under the license agreement is not the obligation of a party under the purchase agreements, which is what section 1.1(a) covers.
The tortious interference claim is not barred by the release (see Avnet, 187 AD3d at 432). The release covers claims "through the Effective Date," i.e., through July 6, 2017. Akiva did not tortiously interfere with the license agreement until approximately August 2019. Defendants' contention that Akiva cannot be liable because he was an agent acting on behalf of his principal and within the scope of his authority (see Inspirit Dev. & Constr. LLC v GMF 157 LP, 203 AD3d 430, 432 [1st Dept 2022]), is also unavailing. Plaintiffs allege that Akiva caused TKNY to breach its obligation to pay Sartiano. Akiva is not TKNY's agent.
Finally, none of the precedents cited by defendants dismissed a claim for tortious interference with contract as duplicative of a breach of contract claim. In any event, plaintiffs do not assert any claims for breach of contract. Instead, they assert the tortious interference claim against Akiva based on a "common-law duty extraneous [*3]to the contract not to act wilfully to destroy the property of another" (Apple Records v Capitol Records, 137 AD2d 50, 56 [1st Dept 1988] [internal quotation marks omitted]). They allege that he caused TKNY to stop paying Sartiano in retaliation for plaintiffs' bringing the instant lawsuit.
The court properly declined to dismiss the declaratory judgment claim. This action is distinguishable from Apple Records, where the plaintiffs conceded that the declaratory judgment causes of action "parallel[ed] the breach of contract claims and merely s[ought] a declaration of the same rights and obligations as w[ould] be determined under" the contract claims (137 AD2d at 54). Nor is this a case like NMC Residual Ownership L.L.C. v U.S. Bank N.A. (153 AD3d 284 [1st Dept 2017]) or Upfront Megatainment, Inc. v Thiam (215 AD3d 576 [1st Dept 2023]), where the plaintiffs asserted contract claims (see 153 AD3d at 286; 215 AD3d at 577). Here, "[t]he mere existence of other adequate remedies . . . does not require dismissal" of the declaratory judgment cause of action (Matter of Morgenthau v Erlbaum, 59 NY2d 143, 148 [1983], cert denied 464 US 993 [1983]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2023