Ho v Star Contrs., Inc. (2024 NY Slip Op 02014)

Ho v Star Contrs., Inc.

2024 NY Slip Op 02014

Decided on April 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 16, 2024

Before: Kern, J.P., Singh, Scarpulla, Mendez, Higgitt, JJ. 

Index No. 652769/22 Appeal No. 2068 Case No. 2023-03488 

[*1]Edward J. Ho, et al., Plaintiffs-Appellants,
v
Star Contractors, Inc., Also Known as Five Star Euro Construction Corp., et al., Defendants-Respondents.

Law Offices of Dean T. Cho, LLC, Forest Hills (Dean T. Cho of counsel), for appellants.
Conway, Farrell, Curtin & Kelly, P.C., New York (Darrell John of counsel), for respondents.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about February 2, 2023, which to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss plaintiffs' cause of action for breach of fiduciary duty (second cause of action), the cause of action for negligence (third cause of action), and the cause of action for fraud (fourth cause of action), unanimously affirmed, without costs.
Plaintiffs failed to state a claim for breach of fiduciary duty against defendant contractor and its individual principals because, as the homeowners, plaintiffs lack standing under article 3-A of the Lien Law to assert a cause of action for breach of fiduciary duty against a contractor (see Albstein v Elany Contr. Corp., 30 AD3d 210, 210 [1st Dept 2006], lv denied 7 NY3d 712 [2006]; see also Ferro Fabricators, Inc. v 1807-1811 Park Ave. Dev. Corp., 127 AD3d 479, 479 [1st Dept 2015]).
Supreme Court properly dismissed the fraud cause of action as duplicative of the breach of contract cause of action, as it does not allege a breach of any duty independent of the parties' construction agreement (see Matter of Soames v 2LS Consulting Eng'g, D.P.C., 187 AD3d 490, 491 [1st Dept 2020]). Rather, the fraud claim is based on allegations that defendants falsely misrepresented certain work to have been performed when it actually was not. Thus, any allegedly fraudulent misrepresentations were not collateral to the contract and did not induce the contract, but simply constituted alleged misstatements about the work contemplated under the contract (see Deerfield Communications Corp. v Chesebrough-Ponds, Inc., 68 NY2d 954, 956 [1986]; Inspirit Dev. & Constr., LLC v GMF 157 LP, 203 AD3d 430, 432 [1st Dept 2022]).
Furthermore, Supreme Court properly dismissed the negligence cause of action as duplicative of the breach of contract cause of action, as plaintiffs allege no duty distinct from defendants' contractual obligations (see Clark Fitzpatrick, Inc. v Long Island R. Co., 70 NY2d 382, 389 [1987]). The negligence cause of action is predicated on claims of shoddy work and damages caused by the outside elements to materials and inadequately protected areas of the building, but these matters are addressed by article 13 of the parties' construction agreement. The negligence claim therefore alleges nothing more than negligent performance of a contract (see Kordower-Zetlin v Home Depot U.S.A., Inc., 134 AD3d 556, 557 [1st Dept 2015]).
We have considered plaintiffs' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 16, 2024