| |
|---|
| **160 E. 48th St. Owner II LLC v Chen** |
| 2024 NY Slip Op 31947(U) |
| June 5, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 159246/2020 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. PAUL A. GOETZ**   PART _____47_____

*Justice*

------------------------------------------------------------------------------------X

160 EAST 48TH STREET OWNER II LLC,

INDEX NO.   __159246/2020__

Plaintiff,

- v -

LEE CHEN, JOHN DOE, JANE DOE

**DECISION & ORDER AFTER TRIAL**

Defendant.

------------------------------------------------------------------------------------X

In this residential landlord/tenant action a bench trail was held on May 20, 22 & May 31, 2024. Plaintiff/landlord's complaint asserts five causes of action for: breach of contract [first cause of action]; quantum meruit for use and occupancy [second cause of action]; declaratory judgment [third cause of action]; ejectment [fourth cause of action] and attorneys' fees, costs and disbursements [fifth cause of action] (NYSCEF Doc No 1). Pro se defendant/tenant's answer includes twelve affirmative defenses and one counterclaim for what amounts to a breach of Real Property Law § 235-b Warranty of Habitability (NYSCEF Doc No 7).

Plaintiff served defendant with a combined ninety-day notice to terminate and notice of non-renewal on August 6, 2020 (plaintiff's ex 5 in evidence) regarding the premises occupied by defendant, apartment 14U at 160 E. 48th Street, New York, New York. By decision and order dated March 15, 2023 plaintiff was awarded possession of Apartment 14U (NYSCEF Doc No 57) and pursuant to that order on September 14, 2023 the sheriff ejected defendant from the apartment.

At trial plaintiff presented four different categories of evidence as to its damages 1) rent and use and occupancy; 2) late fees; 3) repair charges; and 4) electric charges.

# OTHER ORDER – NON-MOTION

There is no dispute that plaintiff and defendant entered into a residential lease for apartment 14U at 160 E. 45th Street, New York, New York commencing on April 1, 2018 and ending on May 31, 2019 (plaintiff's ex 3 in evidence). While defendant testified that he believed his rent for the apartment was $5,775.00, the lease that he does not dispute signing indicates that the monthly rent for the apartment was $7,700.00 (plaintiff's exhibit 3 in evidence).

Plaintiff's rent ledger starts with entries for April 2019 showing that defendant's security deposit of $7,700.00 was applied to that month's rent while leaving a balance of $770.00 described as "A/R openbal-Arrears" (plaintiff's ex 7 in evidence). Since the $770.00 opening balance in the rent ledger was not otherwise explained by plaintiff at trial, plaintiff is not entitled to recover this amount. Plaintiff is however entitled to retain defendant's security deposit pursuant to the lease (plaintiff's ex 3 in evidence ¶ 4; *cf 14 E. 4th St Unit 509 LLC v Toporek*, 203 AD3d 17, 24 – 25 [1st Dept 2022] [observing the lease does not permit the security deposit to be applied to rent arrears]).

Comparing plaintiff's rent ledger (plaintiff's ex 7 in evidence) with defendant's proof of payments (defendant's ex C in evidence) shows that plaintiff credited defendant for all of his payments. Plaintiff has performed its obligation under the parties' lease and defendant failed to perform his obligation to pay the full rent and then use and occupancy in the amount of $7,700.00 from May, 2019 until his ejectment on September 14, 2023 thereby resulting in damages to plaintiff (*34-06 73, LLC v Seneca Ins. Co.*, 39 NY3d 44, 52, 178 N.Y.S.3d 1, 198 N.E.3d 1282 [2022] [holding to establish a prima facie breach of contract claim a plaintiff must plead and prove "(1) a contract exists; (2) plaintiff performed in accordance with the contract; (3) defendant breached its contractual obligations; and (4) defendant's breach resulted in

[* 2]

damages"]).[1] Accordingly, plaintiff is entitled to recover from defendant on its first and second causes of action all the rent and use and occupancy set forth in its rent ledger (plaintiff's ex 7) less the $770.00 opening balance shown in April, 2019.

However, plaintiff is not permitted to recover from defendant the charges in its rent ledger pertaining to late fees, and repair and electric charges. Late fees and repair charges and electric charges are not sought in plaintiff's complaint wherein plaintiff only seeks damages for unpaid rent and use and occupancy (NYSCEF Doc No 1). While CPLR § 3025 (c) permits amendment of the complaint to conform to the evidence, plaintiff never sought to amend its complaint before, during or after trial. The failure to seek amendment deprived defendant of the opportunity to seek discovery on the additional fees and charges (*accord Endothelix, Inc. v Vasomedical, Inc.*, 202 AD3d 620, 621 [1st Dept 2022] [trial court providently exercised its discretion denying plaintiff's CPLR § 3025 [c] motion made in the middle of trial because the delay hindered defendant from seeking discovery]). Accordingly, plaintiff is not entitled to recover from defendant the late fees and repair and electric charges set forth in its rent ledger.

As to plaintiff's third cause of action for a declaratory judgment, it will be dismissed since plaintiff has an adequate remedy at law (*Lantau Holdings Ltd. v General Pac. Grp. Ltd.*, 163 AD3d 407, 409 – 410 [1st Dept 2018]). Accordingly, plaintiff's third cause of action will be dismissed.

Plaintiff was previously granted the relief it seeks in its fourth cause of action for ejectment by decision and order dated March 15, 2023 (NYSCEF Doc No 57).

---

[1] By decision and order dated October 31, 2022 defendant was directed to pay plaintiff past due use and occupancy in the amount of $177,100 and ongoing use and occupancy in the same amount as the rent, $7,700.00 per month (NYSCEF Doc No 49).

Finally, while plaintiff's fifth cause of action is for attorneys' fees, no evidence was submitted at trial to support recovery of attorneys' fees. However, plaintiff will be awarded costs and disbursements. Accordingly, plaintiff is not entitled to recover from defendant the attorneys' fees it has incurred and therefore, plaintiff's fifth cause of action will be dismissed to the extent that it seeks attorneys' fees.

Turning to defendant's counter-claim, defendant testified that plaintiff breached Real Property Law § 235-b Warranty of Habitability, by failing to provide air conditioning throughout the apartment and heat in two bedrooms; by permitting loud banging in the building, sediment in the water, pests/rodents, elevator service disruptions and failing to repair uneven hardwood floors. As to the defendant's air conditioner claim, the lease provides that the apartment is rented without air conditioning (lease, plaintiff's ex 3, p 20 ¶ 7). As to the heat not provided in two bedrooms, sediment in the water, pests/rodents, and uneven hardwood floors defendant failed to establish that plaintiff had actual or constructive notice of these issues (*I.Z. v West End Residences Hous. Dev. Fund Co. Inc.*, 215 A.D.3d 488, 489 [1st Dept 2023]). Finally, as to defendant's claims that plaintiff permitted loud banging in the building and disruptions of elevator service, defendant received a rent concession for these issues (lease, plaintiff's ex 3, p 9). Accordingly, defendant is not entitled to a rent and use and occupancy abatement and therefore, his counter-claim and affirmative defenses will be dismissed.

Based on the foregoing, it is

ORDERED that on plaintiff's first cause of action for breach of contract and second cause of action for quantum meruit for use and occupancy plaintiff is awarded $346,248.00 ($403,998.00 [total rent and use and occupancy for the period May 2019 through September 14, 2023] - $57,750.00 [defendant's ten payments of $5,775.00 each]); and it is further

[* 4]

ORDERED that plaintiff's third cause of action for a declaratory judgment is dismissed; and it is further

ORDERED that as to plaintiff's fourth cause of action for ejectment, the requested relief was granted by decision and order dated March 15, 2023 (NYSCEF Doc No 57); and it is further

ORDERED that on plaintiff's fifth cause of action it shall recover from defendant costs and disbursements as taxed by the clerk and to the extent that plaintiff's fifth cause of action seeks attorneys' fees the claim is denied and dismissed; and it is further

ORDERED that defendant's counterclaim and affirmative defenses are dismissed; and it is further

ORDERED that the clerk shall enter judgment accordingly.

20240605101501PGOETZ192748A49F7F644989464E4E6F37B6609

_____

**DATE: 6/5/2024**                                    **PAUL A. GOETZ, JSC**

**Check One:**          [X]  **Case Disposed**              [ ]  **Non-Final Disposition**

**Check if Appropriate:**   [ ]  **Other (Specify** _____ **)**