| Inspirit Dev. & Constr. LLC v GMF 157 LP |
| --- |
| 2024 NY Slip Op 33265(U) |
| September 16, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 652022/2020 |
| Judge: Nancy M. Bannon |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. NANCY M. BANNON**                    PART                    61M

*Justice*

-----------------------------------------------------------------------------X

INSPIRIT DEVELOPMENT AND CONSTRUCTION LLC,

        Plaintiff,

        - v -

GMF 157 LP, POLIZZOTTO DEVELOPMENT, LLC,3RE
PARTNERS, and GINO POLIZZOTTO,

        Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652022/2020 |
| MOTION DATE | 06/14/2024 |
| MOTION SEQ. NO. | 005 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223

were read on this motion to/for            AMEND CAPTION/PLEADINGS    .

## INTRODUCTION

In this breach of contract action, defendant GMF 157 LP ("GMF") moves, pursuant to CPLR 3025(b), to amend its answer to add a trust fund diversion counterclaim against the plaintiff, Inspirit Development and Construction LLC ("IDC"), and IDC's president/managing partner, Alex Chiesi. GMF's separate trust fund diversion action against Chiesi and IDC was dismissed by this court (Joel Cohen, J.) on April 30, 2024. IDC opposes the motion. The motion is denied for the following reasons.

## BACKGROUND

In May 2017, GMF, as owner, and IDC, as contractor, signed an Agreement Between Owner and Contractor for a Residential or Small Commercial Project (the "Contract") for the renovation of unit 64AB at 57 West 57th Street in Manhattan. Pursuant to the Contract, IDC would supervise the renovation of the property and hire subcontractors. GMF was to pay IDC on a "cost-plus" basis, meaning that IDC would charge GMF the costs of the subcontractors engaged by IDC, plus IDC's markup. Payments to IDC, made for the improvement of real property, were to be held in trust pursuant to NY Lien Law § 70(2). In March 2020, GMF terminated IDC, claiming IDC was in breach of the Contract.

652022/2020   INSPIRIT DEVELOPMENT AND vs. GMF 157 LP
Motion No.  005

Page 1 of 5

[* 1]

IDC commenced the instant action on May 27, 2020, asserting causes of action against GMF for (1) breach of contract, (2) wrongful termination, (3) quantum meruit, and (4) unjust enrichment, as well as claims against defendants Polizzotto Development LLC, 3RE partners, and Gino Polizzotto (collectively, the "Polizzotto defendants") for (5) negligence, and (6) tortious interference. GMF answered, asserting a counterclaim against IDC for breach of contract and interposing a third-party complaint against IDC's sole member, Alex Chiesi, alleging a single cause of action against him for fraud. By Decision and Order dated January 25, 2021, the court (Ostrager, J. [Ret.]) dismissed IDC's third, fourth, and fifth causes of action, and further dismissed GMF's third-party complaint against Chiesi in its entirety. NYSCEF Doc. No. 41. In March 2022, the Appellate Division, First Department modified the court's dismissal order to also dismiss IDC's sixth cause of action, and otherwise affirmed. See Inspirit Dev. & Constr., LLC v GMF 157 LP, 203 AD3d 430 (1st Dept. 2022).

On February 28, 2023, IDC filed a Note of Issue and Certificate of Readiness. IDC thereafter moved for summary judgment on its two remaining causes of action against GMF for breach of contract and wrongful termination, and for dismissal of GMF's sole counterclaim against it for breach of contract (MOT SEQ 004). By an order dated October 5, 2023, the court (Ostrager, J. [Ret.]) denied the motion in its entirety.

The very same day, October 5, 2023, GMF commenced a separate action in this court against IDC and Chiesi, under Index No. 654907/2023, alleging a single cause of action for Lien Law Art. 3-A trust fund diversion (the "Trust Fund Action"). By an order dated April 30, 2024, Judge Cohen granted the defendants' motion to dismiss that action pursuant to CPLR 3211(a)(4), prior action pending. However, the dismissal was not on the merits and was without prejudice to any arguments that may be raised in the present action which was already pending between substantially the same parties and concerned claims arising out of the same underlying set of transactions.

On May 14, 2024, GMF filed the instant motion to amend its answer, pursuant to CPLR 3025, to add a trust fund diversion counterclaim against IDC and Chiesi. GMF transposes to its proposed amended answer the cause of action and supporting allegations asserted in its dismissed complaint in the Trust Fund Action, alleging that IDC and Chiesi failed to maintain required books and records, failed to furnish GMF with information related to trust assets, and diverted trust funds meant to pay subcontractors, resulting in alleged damages to GMF of no less than $907,402.81.

**652022/2020  INSPIRIT DEVELOPMENT AND vs. GMF 157 LP**
**Motion No.  005**

Page 2 of 5

[* 2]

Notably, the only allegations included in the Trust Fund Action complaint but left out of GMF's proposed amended answer highlight the fact that GMF was already aware of the essential facts underpinning its proposed trust fund diversion counterclaim four years ago when it answered the initial complaint in this action, and certainly no later than April 2021. Specifically, the allegations left out of GMF's proposed amended answer assert that GMF became aware in late 2019 and early 2020 that IDC had not paid its subcontractors with the funds paid to it by GMF; that, following IDC's termination in the spring of 2020, in order to obtain the continued performance of certain of IDC's subcontractors, including Arista Air Conditioning Corp. ("Arista"), Continental Lighting Corp. ("Continental"), Nevco Contracting Inc. ("Nevco") and PROFAC, Inc. ("PROFAC"), and to avoid the imposition of mechanic's liens, GMF retained said subcontractors and directly paid amounts allegedly owed to them by IDC, by virtue of which GMF became subrogated to the rights of those subcontractors to recoup from IDC the subject amounts that should have been paid out of the trust; and that, on April 21, 2021, GMF, as subrogee, demanded a trust fund accounting from IDC. Compare NYSCEF Doc. No. 207 (Trust Fund Action Compl.), ¶¶ 9-28, with NYSCEF Doc. No. 218 (Proposed Am. Answer), ¶¶ 31-47.

## DISCUSSION

Leave to amend a pleading should be freely granted absent evidence of substantial prejudice or surprise, or unless the proposed amendment is palpably insufficient or patently devoid of merit. See CPLR 3025(b); JPMorgan Chase Bank, N.A. v Low Cost Bearings NY, Inc., 107 AD3d 643 (1st Dept. 2013); Cherebin v Empress Ambulance Serv., Inc., 43 AD3d 364, 365 (1st Dept. 2007). A court must examine the merit of the proposed amendment in order to conserve judicial resources." 360 West 11th LLC v ACG Credit Co. II, LLC, 90 AD3d 552, 553 (1st Dept. 2011). "[W]here the amendment is sought after a long delay, and a statement of readiness has been filed, judicial discretion in allowing the amendment should be discreet, circumspect, prudent and cautious." Cseh v New York City Tr. Auth., 240 AD2d 270, 272 (1st Dept. 1997). To be sure, the mere "fact that a motion to amend is made after a Note of Issue does not of necessity call for its denial." Jacobson v Croman, 107 AD3d 644, 645 (1st Dept. 2013). Nonetheless, "where there has been an extended delay in moving to amend, the party seeking leave to amend must establish a reasonable excuse for the delay." Oil Heat Inst. of Long Island Ins. Tr. v RMTS Assocs., LLC, 4 AD3d 290, 293 (1st Dept. 2004) (internal quotation marks omitted). Conversely, the burden is on the party opposing the motion to establish substantial prejudice or surprise if leave to amend is granted. See Forty Cent. Park S., Inc. v Anza, 130 AD3d 491 (1st Dept. 2015). In that regard, the opposing party may establish prejudice

**652022/2020 INSPIRIT DEVELOPMENT AND vs. GMF 157 LP**
**Motion No. 005**

**Page 3 of 5**

by showing an unjustified delay and that it was hindered from seeking discovery on the newly proposed claim. See e.g  Endothelex, Inc. v Vasomedical, Inc., 202 AD3d 620 (1st Dept. 2022); Van Damme v Gelber, 111 AD3d 408 (1st Dept. 2023).

Here, GMF did not file the instant motion to amend until May 14, 2024, four years after the instant action was commenced, almost fifteen (15) months after the Note of Issue was filed and more than seven (7) months after IDC's summary judgment motion was denied. GMF does not establish any reasonable excuse for this delay. It contends that it did not obtain evidence that IDC was failing to use trust funds to pay subcontractors until the deposition of one such subcontractor, Janusz Gierlak, in January 2023. However, GMF itself states in its motion papers, as it did in the Trust Fund Action complaint, that, "[b]eginning in late 2019, and then in early 2020, it became apparent that IDC had not paid all of its subcontractors with the funds paid to it by GMF."  Indeed, GMF's original Answer filed on August 18, 2020, expressly alleges the failure to pay subcontractors as a basis for its breach of contract counterclaim against IDC.

Moreover, in April 2021, as alluded to in the Trust Fund Action complaint, GMF sought a trust fund accounting from IDC, serving it with a Demand for a Verified Statement Pursuant to Art. 3-A of the Lien Law, a copy of which is submitted by IDC in opposition to the present motion. The April 2021 Demand listed four trust beneficiaries—Arista, Continental, Nevco and PROFAC—and stated that the amount purportedly due and unpaid to these beneficiaries was $907,402.81 plus interest. These are the same four subcontractors alleged in the Trust Fund Action complaint, as well as in GMF's present motion papers, to have been retained by GMF in the spring of 2020 and directly paid outstanding amounts owed to them by IDC, which amounts should have been paid out of the trust. And GMF's present proposed amended pleading seeks exactly the same amount of damages—$907,402.81.

In short, IDC has shown that GMF was aware of the factual basis for its proposed trust fund diversion claim at the commencement of this action in May 2020, and certainly no later than April 2021, but nevertheless did not seek to amend its counterclaims for four years, until after the Note of Issue was filed and IDC's summary judgment motion was decided. To allow the amendment at this juncture would prejudice both IDC and Chiesi, neither of whom had any opportunity to conduct discovery related to the proposed new claim. See Endothelix, Inc. v Vasomedical, Inc., supra, Van Damme v Gelber, supra. Indeed, Chiesi has not been a party to this action in his individual capacity since the dismissal of GMF's third-party complaint against him in January 2021, which preceded the start of discovery herein.

**652022/2020  INSPIRIT DEVELOPMENT AND vs. GMF 157 LP**
  **Motion No.  005**

Page 4 of 5

[* 4]

## CONCLUSION

Accordingly, upon the foregoing papers, it is

ORDERED that the motion of defendant GMF 157 LP for leave to amend its answer and counterclaims pursuant to CPLR 3025(b) is denied; and it is further

ORDERED that the Clerk shall mark the file accordingly.

This Constitutes the Decision and Order of the court.

NANCY M. BANNON, J.S.C.
HON. NANCY M. BANNON

**9/16/2024**
**DATE**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**652022/2020   INSPIRIT DEVELOPMENT AND vs. GMF 157 LP**
**Motion No.  005**

**Page 5 of 5**

[* 5]