GMF 157 LP v Inspirit Dev. & Constr., LLC (2025 NY Slip Op 00913)

GMF 157 LP v Inspirit Dev. & Constr., LLC

2025 NY Slip Op 00913

Decided on February 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 18, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Shulman, Higgitt, Michael, JJ. 

Index No. 654907/23, 652022/20 Appeal No. 3729-3730 Case No. 2024-03436, 2024-06169 

[*1]GMF 157 LP etc., Plaintiff-Appellant,
v
Inspirit Development and Construction, LLC et al, Defendants-Respondents.

Inspirit Development and Construction, LLC, Plaintiff-Respondent,
v
GMF 157 LP, Defendant-Appellant, Polizzotto Development, LLC et al., Defendants.

Olshan Frome Wolosky LLP, New York (Kerrin T. Klein of counsel), for appellant.
Bailey Duquette P.C., New York (Derrick F. Moore of counsel), for Inspirit Development and Construction , LLC, respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered April 30, 2024, which granted defendants' motion to dismiss the complaint in index No. 654907/23 (the trust action) in accordance with 3211(a)(4), without prejudice to any arguments that may be raised in the related pending action, index No. 652022/20 (the pending action), unanimously affirmed, without costs. Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered September 23, 2024, which, in the pending action, denied the motion of defendant GMF 157 LP to amend its answer, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in dismissing the complaint in the trust action because "there [was] another action pending between the same parties for the same cause of action" (CPLR 3211[a][4]). It is not necessary for the parties of the causes of action to be identical to invoke CPLR 3211(a)(4) (see Syncora Guar. Inc. v J.P. Morgan Sec. LLC, 110 AD3d 87, 96 [1st Dept 2013]). Here, there was substantial identity of the parties in the trust action and the pending action. All three parties to the trust action — GMF, Inspirit Development and Construction, LLC, and Alex R. Chiesi — are or were parties to the pending action. Indeed, GMF and Inspirit remain parties to the pending action and are awaiting trial.
There is also substantial identity of issues (id. at 96). The trust action and the pending action arise out of the same "alleged series of wrongs" involving the same parties, the same premises, the same project, and the same underlying contract. Many of the allegations in both actions overlap. 
Supreme Court in the pending action providently exercised its discretion in denying GMF's motion to amend its answer under CPLR 3025 to include a trust diversion claim. When there has been an "extended delay in moving to amend, the party seeking leave to amend must establish a reasonable excuse for the delay" (Oil Heat Inst. of Long Is. Ins. Trust v RMTS Assoc., 4 AD3d 290, 293 [1st Dept 2004] [internal quotation marks omitted]). GMF was aware of the underlying factual basis for the trust diversion claim by late 2019 or early 2020, and no later than April 2021. Further, GMF's pleadings reflect its knowledge that the subcontractors had not been paid shortly after GMF terminated Inspirit from the project, and that GMF had paid those subcontractors directly to avoid mechanics' liens. Thus, by GMF's own allegations, it was aware of the basis of its trust claims many years ago but chose not to assert them. Inspirit and Chiesi sustained their burden of establishing prejudice (Endothelix, Inc. v Vasomedical, Inc., 202 AD3d 620, 621 [1st Dept 2022]). Chiesi has not been a party to the case since January 2021, and did not participate in discovery as a party, nor did he retain his own counsel. Moreover, Inspirit had already filed the note of issue and the case was trial ready.
We have considered GMF's remaining contentions and find them unavailing[*2]. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2025