Rubin v Kahlon (2026 NY Slip Op 01021)

Rubin v Kahlon

2026 NY Slip Op 01021

Decided on February 24, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 24, 2026

Before: Renwick, P.J., Kennedy, Rodriguez, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 152113/24|Appeal No. 5916|Case No. 2025-04593|

[*1]Hal Rubin, Plaintiff-Appellant-Respondent,
vHarleen Kahlon, Defendant-Respondent-Appellant.

Law Office of Richard A. Altman, New York (Richard A. Altman of counsel), for appellant-respondent.
Cervini Law Group PLLC, New York (Joseph P. Cervini, Jr. of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Richard G. Latin, J.), entered on or about July 25, 2025, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss the amended complaint for failure to state a claim and denied defendant an award of attorneys' fees pursuant to Civil Rights Law § 70-a, unanimously modified, on the law, to the extent of granting attorneys' fees and costs to defendant, and the matter remanded for further proceedings consistent with this decision, and otherwise affirmed, without costs.
The motion court properly granted defendant's motion to dismiss plaintiff's complaint because, on its face, the allegedly defamatory Facebook post was not "of and concerning" plaintiff (see Matter of Soames v 2LS Consulting Eng'g, D.P.C., 187 AD3d 490, 492 [1st Dept 2020]). Contrary to plaintiff's argument, this was a question of law for the court (see Three Amigos SJL Rest., Inc. v CBS News, Inc., 28 NY3d 82, 87 [2016]). The post was made anonymously in a private Facebook group known as "Moms of the UES." It described an incident involving an unnamed doorman and an unnamed child in a building identified only as being located at the corner of 68th Street and Second Avenue, a location that plaintiff does not dispute contains three large buildings collectively employing numerous doormen. A member of the "Moms of the UES" without special knowledge would have no way of knowing, whether by innuendo or otherwise, that the anonymous post specifically referred to plaintiff.
We are not persuaded by plaintiff's contention that his employer and colleagues understood the post to be about him. He offers no information or evidence identifying individuals who recognized him as the subject of the post, and the amended complaint makes clear that his employer suspended him even before defendant made the Facebook post. Moreover, the termination notice given to plaintiff by his employer makes no reference to the post and instead cites only plaintiff's own conduct.
The instant action falls within the scope of the anti-SLAPP statute (CPLR 3211[g] and Civil Rights Law §§ 70-a and 76-a). The Facebook post concerned an issue of public interest (see Carey v Carey, 74 Misc 3d 1214[A], *5 [Sup Ct, NY County 2022], affd 220 AD3d 477 [1st Dept 2023]). Furthermore, the adjudication under CPLR 3211(a)(7) in defendant's favor was sufficient to support her entitlement to a mandatory award of counsel fees pursuant to Civil Rights Law § 70-a(1)(a) (see Reeves v Associated Newspapers, Ltd., 232 AD3d 10, 12 [1st Dept 2024], lv dismissed 44 NY3d 990 [2025]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2026