Leinhardt v Socure, Inc.
2026 NY Slip Op 03881
June 18, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Bradley Leinhardt, Plaintiff-Respondent,
v
Socure, Inc., et al., Defendants-Appellants, Gregory O'Connor, Defendant.

Decided and Entered: June 18, 2026
Index No. 655433/24|Appeal No. 6925|Case No. 2025-06787|
Before: Kennedy, J.P., Friedman, Gesmer, Michael, JJ.

Cooley LLP, New York (Ephraim A. McDowell of counsel), for appellants.
Lally & Misir, LLP, Mineola (Grant Lally and Deborah Misir of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (Anar Rathod Patel, J.), entered September 29, 2025, which, to the extent appealed from, denied the motion of defendants Socure, Inc., Sunil Madhu, and Johnny Ayers to dismiss the first four causes of action of the complaint (the fraud claims) pursuant to CPLR 3211(a)(1), (5), and (7) and 3016(b), and for fees and expenses including reasonable attorneys' fees, unanimously reversed, on the law, with costs, the motion granted, the complaint dismissed, and the matter remanded for calculation of defendants' reasonable attorneys' fees.
Plaintiff's claims are barred by the releases he signed and because he failed to allege a fraud separate from the subject of the releases (see e.g. Centro Empresarial Cempresa S.A. v AmÉrica MÓvil, S.A.B. de C.V., 17 NY3d 269, 276 [2011]; Sodhi v IAC/InterActive Corp., 201 AD3d 451, 451 [1st Dept 2022]; Silver Point Capital Fund, L.P. v Riviera Resources, Inc., 198 AD3d 432, 433 [1st Dept 2021]).
The special facts, or "peculiar knowledge," doctrine, which the motion court relied on is inapplicable here where, "plaintiffs are sophisticated parties that were aware that they were not provided with full information but nonetheless agreed to go forward with a transaction without either demanding access to the omitted information or assurances in the form of representations and warranties" (Silver Point, 198 AD3d at 433; see CMB Export Infrastructure Inv. Group 48, LP v Motcomb Estates, Ltd., 223 AD3d 513, 515 [1st Dept 2024]).
Plaintiff's fraud claims also fail for lack of reasonable reliance (see Centro, 17 NY3d at 278-279; Chadha v Wahedna, 206 AD3d 523, 524 [1st Dept 2022]; Silver Point, 198 AD3d at 433). Plaintiff, an attorney, knew that he had not received all the information he requested, but nevertheless, entered into the 2018 Settlement Agreement and Releases and the Stock Repurchase Agreement. In the Repurchase Agreement, he also "represented and warranted that he had all the information he needed to decide whether to sell his shares" (Chadha, 206 AD3d at 524). In addition, both the 2018 Settlement Agreement and the Repurchase Agreement state that plaintiff was not relying on any extracontractual representations.
In light of the foregoing, we need not reach defendants' arguments that the fraud claims are time-barred and not pled with the specificity required by CPLR 3016(b).
Accordingly, defendants are the prevailing parties and are entitled to attorneys' fees and expenses pursuant to section 15 of the 2018 Settlement Agreement. We remand for calculation of defendants' reasonableattorneys' fees.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2026